CASEY v THE STATE.

1. In a prosecution instituted under the act concerning "Groceries and dram shops" for suffering spirituous liquor to be drank in the grocery of deft. evidence that deft. sold the liquor, and that the same was drank in his grocery, is presumptive evidence that the liquor was drank in the grocery with the permission of defendant.

Appeal from the Circuit Court of Washington county.

*Cole for Appellant.*

It is insisted that the offence as alleged in the information and summons, is not warranted by the statute, the first being conjunctive, the latter in the disjunctive. Act 1839, page 52, sec. 18.

The offence proved is not punishable by the grocers law. 16 sec. 36 page 55.

The offence proved, if punishable at all, is an offence in violation of the dram shop law, and should have been proceeded against, and in that law, (16 sec. 36.)

It is not proved that Casey suffered the liquor and wine sold to be drank at his grocery, nor is it proved that the same were drank there. Act. 1839, sec. 18.

*Brickey for the Appellee.*

Is the act passed at the last session of the Legislature, "an act to license and regulate groceries and dram shops" unconstitutional? (See last acts page 50 and following.)

*Opinion of the Court by Napton, Judge.*

In compliance with the duty imposed by the 47th section

.of the act "to license and regulate groceries, dram shops and for other purposes;" approved February 13th, 1839, John Brickey, a justice of the peace for Washington county, filed information in writing before Eugene Mara, another justice of the same county, charging the appellant with having sold wines and liquors, and suffering the same to be drank in his grocery. The offence is specified in the 18th section of the above mentioned act; the summons of the justice in pursuance of the information, advised the appellant Casey, that he was charged with a violation of the section aforesaid, in consequence of which he forfeited to the county of Washington twenty dollars. The summons pursued the form prescribed by the act, a trial was had, witnesses were examined, the defendant was found guilty, and judgment entered against him for twenty dollars and costs. From that judgment the defendant, Casey, appealed to the circuit court, and judgment being again unfavorable he appeals to this court.

From the bill of exceptions the following facts appear to have been given in evidence. The defendant was a grocer, at the time of committing the alleged offence, and sold wines and spirituous liquors in quantities less than one quart, and received pay therefor, and the said wines and spirituous liquors were drank at the house of said appellant.

But two objections have been urged in this court to the judgment below.

First, It is objected that the testimony proved the defendant guilty, not only of selling liquors to be drank about his grocery, but also of selling liquors in less quantities than his grocery license authorized. In other words the testimony not only sustained the charge prefered, but also proved the defendant guilty of another violation of the same statute. It is hardly necessary to say, that the defendant has no right to complain on this ground.

It is next urged that the testimony was insufficient to convict the defendant of the offence charged, because the State did not prove, that the defendant suffered or permitted the liquor to be drank in his grocery house. The witness proved that the liquor sold by defendant was drank at his

R 2

*Margin notes:*

SEPT. TERM. 1840.

Casey
v
The State

In a prosecution instituted under the act concerning "groceries and dram shops," for suffering

SEPT. TERM.
1840.

Casey
v
The State.

spirituous liquor to be drank in the grocery of defendant, was drank in his grocery with grocery with

house, and the legal presumption arises, that this was done by his permission, as every man is supposed to have a control in his own house. If this was not the fact, the defendant could have shown that he forbade the drinking, and it was incumbent on him to show the matter of defence. Judgment affirmed.

defendant, evidence that defendant sold the liquor, and that the same his grocery, is presumptive evidence that the liquor was drank in the the permission of defendant.