TOWN OF KIRKWOOD, Appellant, v. GEORGE AUTENREITH, Respondent.

March 7, 1882.

1. A prosecution, under a municipal ordinance against selling liquor without a license, is civil in form and not strictly criminal in character, and the corporation has the right of appeal.

2. It is no objection to the verdict that the jury is composed wholly of by-standers summoned after the regular panel is exhausted by challenges.

3. A *prima facie* case as to the owner's knowledge and consent is made out by proof that the saloon was fitted up as drinking shops are usually fitted, and that the bar-tender drew beer from a spigot in a keg of beer fitted in an ice-chest, and sold it over the counter, calling it sarsaparilla.

4. When a *prima facie* case is thus made, the burden is upon the owner to show that the bar-tender was acting without his knowledge or consent.

APPEAL from the St. Charles Circuit Court, EDWARDS, J. *Reversed and remanded.*

W. S. BODLEY, for the appellant: The town of Kirkwood had a right of appeal in this cause. — *Kansas City* v. *Clark*, 68 Mo. 588. The court erred in refusing the instruction asked by plaintiff, and in giving the instructions given on its own motion and one asked by defendant. — *Casey* v. *The State*, 6 Mo. 646; *Isbell* v. *The State*, 13 Mo. 86; *Hays* v. *The State*, 13 Mo. 246; *The State* v. *Bryant*, 14 Mo. 340; *Schmidt* v. *The State*, 14 Mo. 137. The court erred in not granting a new trial as against the law and evidence, there being no conflict in the evidence. — *The State* v. *Loth*, 50 Mo. 535; *Doeming* v. *Saum*, 56 Mo. 479; *The State* v. *Dickhoff*, 1 Mo. App. 83; *Hearme* v. *Keath*, 63 Mo. 84; *Ackley* v. *Staehlin*, 56 Mo, 558; *Mohern* v. *Railroad, Co.*, 64 Mo. 267.

ZACH. J. MITCHELL, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This is a proceeding by the town of Kirkwood against defendant for violation of an ordinance of the town in sell-

ing intoxicating liquors without a license.    Defendant was convicted before a justice of the peace, and, on appeal, he was granted a change of venue to St. Charles County, where, on trial anew, the jury found for defendant, and judgment was entered accordingly.

1. The supreme court decided, in *City of Kansas* v. *Clark* (68 Mo. 588), that a prosecution under a city ordinance against gaming, though that is an offence under the laws of the state, is civil in form, and not strictly criminal in character ; and, that the municipal corporation has the right of appeal, in any proceeding of this nature for violation of its local laws.    Upon the authority of that case it must be held that the town of Kirkwood had a right of appeal in this case.

2. When the jury were empanelled to try the case, there were no jurors on the panel except those summoned from bystanders, all the regular jurors having been challenged by one side or the other, for cause or peremptorily.    Appellant claims that the trial court was bound to order a new panel, under section 2788 of the Revised Statutes.    Under sections 2785 and 2800 the court had the right to direct the sheriff to summon other jurors from the bystanders, the regular panel being exhausted.    We see no error in the action of the court in this respect.    *The State* v. *Jones*, 61 Mo. 232.

3. The testimony as to the commission of the offence was that of one witness only, a detective.    It was clear and uncontradicted, and was to the effect that on the day named in the complaint the saloon of defendant had all the appearance of a bar-room, and the general furniture of such a place, — counter, bottles, and glasses ; that there was an ice-chest there with a spigot running into it ; that the witness asked for something to drink, whereupon the bar-keeper said they had sarsaparilla, went to the chest, drew beer from the spigot, gave it to witness, and he drank and paid for it. The testimony of this witness was taken by deposition, and

seems to have been taken with a view to other charges of a similar nature, for violations of the ordinance on other days about the same time. It appeared from this deposition that Autenreith himself, on October 3rd, went through the same farce of offering sarsaparilla to witness when asked for liquor, and then selling him beer drawn from the same spigot. No objection was made to this testimony.

The formal proof as to the corporate powers of the town, the ordinance, the location of the saloon within the town limits, etc., was, in all respects, complete. The witness was uncontradicted, and he clearly proved the offence charged. The jury cannot have doubted that the bar-keeper sold the beer, and must have acquitted on the ground that they did not consider that it was sufficiently proved that Autenreith sanctioned the act, or knowingly permitted his bar-keeper to sell beer.

Plaintiff asked an instruction to the effect that if a person in the employ of defendant as bar-keeper, and in the saloon of defendant, sold and delivered, etc., intoxicating distilled, or fermented liquor, in less quantity than a quart, then the legal presumption is, unless rebutted by the evidence, that such sale was with the knowledge of defendant. The court refused this instruction, and gave the following at the instance of defendant: —

"Although the jury may believe from the evidence that the defendant sold distilled liquor, without license for so doing, other than on the day in the complaint alleged; before the jury can find for the plaintiff, they must find defendant so sold, or caused, authorized, sanctioned, or knowingly permitted to be sold, the gill of beer at the time in the complaint alleged, that is to say, on the first day of October, 1878."

Of its own motion the court instructed the jury, that —

" Before the plaintiff can recover, it must be proven to the satisfaction of the jury that the defendant, George

Autenreith, on the first day of October, 1878, sold, bartered, or delivered a glass of beer, or some other fermented, distilled, or intoxicating liquor, in the state of Missouri and county of St. Louis, and within the corporate limits of the town of Kirkwood, or that he authorized such sale, or knowingly permitted the same; and as to authority and permission, the jurors are instructed that if the evidence shows the sale was made by the defendant's bar-keeper, then the facts and circumstances in evidence must satisfy the jury that the defendant authorized, sanctioned, or knowingly permitted such sale, before he can be held liable in this proceeding.''

We think that the instruction asked by the plaintiff should have been given. There was evidence to warrant it.

We think that the case was submitted to the jury on instructions which were misleading, and which did actually mislead the jury. It was not necessary to show that Autenreith himself sold the gill of beer that the witness drank in his house on October 1st, or that Autenreith specially authorized or permitted the sale of that particular glass of beer. The evidence made out a *prima facie* case, if the jury believed the statements of the witness. Under the old dram-shop law, where one was charged with having sold wines and liquors and suffering the same to be drunk in his grocery store, it was held that the fact that the liquors were drunk in defendant's grocery, was presumptive evidence that this was done with his permission. He had control in his house, and if he forbade the drinking, it was for him to show this, in his own defence. *Casey* v. *The State*, 6 Mo. 646. The object of the ordinance, and of any similar law on the subject, would be easily defeated if the saloon-keeper could interpose his bar-keeper as the ostensible offender. Where, as in the case at bar, the proof is that the owner of a saloon fitted out as drinking shops are usually fitted out, has a keg of beer standing with a spigot in it in the bar-

room, that the bar-tender calls this beer sarsaparilla, and, when asked for beer, draws it from the spigot and sells it over the counter, the *prima facie* case as to authorization or permission on the part of the owner of the saloon, is made out; and if this action of the bar-tender was really against the consent of the proprietor, or without his knowledge, it is for him to show this.

We think that the judgment should be reversed and the cause remanded. It is so ordered. Judge LEWIS is absent; Judge THOMPSON concurs.