## THE STATE v. ANDERSON, *Appellant.*

1. **Criminal Law**: INDICTMENT. An indictment which charges an offense in the language of the statute creating it, is sufficient.

2. **Practice, Criminal**. EVIDENCE: DEMURRER. In a prosecution under Revised Statutes 1879, section 5472, it devolves upon the State to show that the quantity of liquor sold is less than one gallon, and where it fails to do so, a demurrer should be sustained at the close of the evidence for the State; but, if the defendant, in his own testimony, supplies this defect, he will not be entitled to a reversal for the error of the court in refusing his demurrer to the evidence.

3. ———: DRUGGIST: PHYSICIAN. Under Revised Statutes 1879, section 5474, a druggist who is, also, a regularly registered physician, cannot furnish the prescription upon which he makes a sale of intoxicating liquor.

*Appeal from St. Clair Circuit Court.*—HON. C. G. BURTON, Judge.

AFFIRMED.

No brief for appellant.

*D. H. McIntyre*, Attorney General, for the State.

PHILIPS, C.—The defendant was indicted at the March term, 1881, of the St. Clair circuit court, for selling whisky as a druggist, in less quantity than one gallon. On trial before a jury he was found guilty, and his fine assessed at $100. After an ineffectual effort for a new trial, and in arrest, he has appealed to this court.

I. The indictment is sufficient. It pursues the statute quite fully, and negatives all the exceptions which would exempt the defendant as such druggist.

II. The State introduced one witness, Henry Smith, who testified, in substance, that in the month of September, 1880, he bought some whisky of the defendant, who kept a drug store in Roscoe, in said county. He paid him for it, and had no prescription therefor, from any physician. Nor was any prescription demanded or given by defendant.

He only asked for the whisky and got it. The State, thereupon rested, and the defendant asked an instruction in the nature of a demurrer to the evidence, which the court refused. This instruction, we think, should have been given. The evidence did not show that the whisky thus sold was less than one gallon. The evidence was, that the witness "bought some whisky." Whether more or less than one gallon did not appear. The burden rested on the State to show that the quantity was less than one gallon. Section 5472, Revised Statutes. But the defendant having afterward, in his own testimony, supplied the defect, he is not now entitled to a reversal for the error of the court in refusing his demurrer to the evidence. *Kelley v. H. & St. Joe R. R.*, 75 Mo. 141.

III. The defendant testified in his behalf, that he was a regular practicing physician, and registered as such; that he sold the whisky on a prescription made by himself. The prescription was read in evidence by him, and is as follows: "Roscoe, Mo., September 27th, 1880. I hereby certify, that Henry Smith requires half pint spirits for medicine." He further testified that Smith was working in the bottoms, and the whisky was prescribed to "counteract the effect of malaria." On motion of the State, the prescription in question was, by the court, excluded from the jury. This action of the court is assigned by the defendant for error. Section 5474, Revised Statutes, provides that: "Such dealer in drugs and medicines, may sell or give away in any quantity, wines for sacramental purposes, liquors of any kind, when the same are prescribed by a regularly registered physician, or are used solely in the admixture of necessary remedial compounds, the preparation of tinctures, and the compounding of a written prescription, made and signed by some regular practicing physician, who shall have stated in such prescription, that the liquor, therein prescribed, is a necessary ingredient: Provided, that such prescription shall in no case authorize such sale or gift more than one time." I am satisfied it

was not the intention of the framers of this section of the statute, that the druggist should, in such case, be the physician prescribing for the patient, and his patron. The action of the druggist in selling, is based upon the act of the disinterested physician making the prescription. In other words, the prescription of the " regularly registered physician," is his warrant for the sale. To allow druggists to act in the double capacity of prescribing physicians and salesmen, would lead to such abuse, as to make the law a dead letter, and render conviction of the druggist in such cases, practically impossible. In this view of the case, it is unnecessary to consider other questions argued by counsel. The conviction was inevitable on the testimony. The judgment of the circuit court is, therefore, affirmed. All concur.