## Town of Kirkwood, Appellant, v. G. Autenreith, Respondent.

### St. Louis Court of Appeals, February 23, 1886.

1. Dramshops—Selling Liquor Without License—Agency—Evidence.—A sale of liquor by an employe is *prima facie* evidence of the liability of an unlicensed employer, but this may be rebutted by proof that the sale was made without the employer's knowledge and in disobedience of his order.

2. ——— Civil Actions—Evidence.—In civil proceedings by a town against an unlicensed vendor of liquors, where a number of actions are brought for successive violations of the law on successive days, proof of sales on the particular day charged is essential in each case to a recovery, although the evidence is conclusive that the law was violated on some days.

Appeal from the St. Charles Circuit Court, W. W. Edwards, Judge.

*Affirmed.*

Smith & Harrison, for the appellant.

Zach J. Mitchell, for the respondent.

Rombauer, J., delivered the opinion of the court.

This cause was here before and is reported in 11 Mo. App. 515. It is an action for selling liquor without a license. That the defendant was not duly licensed is admitted, and the defence rests on the sole ground that the liquor, if sold, was sold by the defendant's employe, contrary to the defendant's orders. The trial resulted in a verdict for the defendant.

On the former trial which also resulted in a verdict for the defendant, the plaintiff asked the court to instruct the jury to the following effect : " that if a person in the employ of defendant as barkeeper and in the saloon of defendant sold and delivered intoxicating, distilled, or fermented

liquor, in less quantity than a quart, then the legal presumption is, unless rebutted by the evidence, that such sale was with the knowledge of defendant.''

This instruction was then refused by the trial court. This court in reviewing such action held the refusal erroneous and reversed the judgment for that reason. In its then opinion this court said: " The evidence made out a *prima facie* case, if the jury believed the statement of the witness. Under the old dramshop law, where one was charged with having sold wines, liquors, and suffering the same to be drunk in his grocery store, it was held that the fact that the liquors were drunk in the defendant's grocery was presumptive evidence that this was done with his permission. He had control in his house, and if he forbade the drinking it was for him to show it in his own defence. *Casey v. The State*, 6 Mo. 646.

On the last trial, the court gave the instruction on behalf of the plaintiff, which it had refused at the former trial. In addition to this the court further instructed the jury that if they found that the liquor was sold upon the defendant's premises, at the dates charged, by a person in the defendant's employ, they must find for the plaintiff, unless they further find that it was sold contrary to the defendant's orders and without his knowledge or consent ; and that the burden of proof that such orders were given, that they were *bona fide*, and not colorable, and that the defendant had no knowledge of their violation, was upon the defendant.

Thus it will be seen that the court instructed the jury strictly in accordance with the directions of this court. The instructions were as favorable to the plaintiff as it had any right to demand, unless the sale of liquors on the defendant's premises, by one of the defendant's employes, was not only *prima facie*, but conclusive, evidence that the sale was made with his knowledge or consent. The plaintiff offered two instructions on this latter theory, which the court refused.

There is high authority to be found, in support of

the position, that a sale made by an employe is conclusive evidence against the master, even in a criminal proceeding. *Riley v. State*, 43 Miss. 397. That rule, however, was not recognized in *Casey v. State*, *supra*, where such sale was treated as merely presumptive evidence, subject to rebuttal, nor was it recognized by this court when this case was here before.

Following former rulings in this state, we are bound to hold, that a sale by an employe is only *prima facie* evidence of the master's liability.

Touching the plaintiff's complaint, that the verdict is wholly unsupported by the evidence, and that it was the duty of the jury to find a verdict for the plaintiff under the testimony, the following observations are pertinent.

The action was one of fourteen different actions against the defendant for similar offences. In several of these actions the plaintiff was successful. The only witness on part of the plaintiff in this case, was a detective informer who had been employed by the plaintiff to work up these cases against the defendant, and who, as the record shows, even on the day of trial, exacted some money from the plaintiff, refusing to testify unless the money was paid.

As to the date of the alleged offence, his testimony stood wholly uncorroborated, even by circumstances. Conceding, therefore, that under the testimony the jury were bound to find that the defendant had violated the ordinance in question in some instances, as he unquestionably did, how can we say that they further were bound to find that he violated it on this particular day, the day being the only distinguishing feature of this particular offence. This we could not do without weighing the evidence, and that is not within the legitimate province of appellate courts in actions at law. *McKay v. Underwood*, 47 Mo. 185, 186.

The judgment is affirmed. All the judges concur.