| 25 | 657 |
| 40 | 631 |

STATE OF MISSOURI, Respondent, v. JOHN B. MARCHAND, Appellant.

### St. Louis Court of Appeals, May 3, 1887.

1. CRIMINAL LAW—INTOXICATING LIQUORS—DRUGGIST.—A conviction for selling intoxicating liquor, as a druggist, can not be sustained

without evidence tending to show that the defendant is a druggist, that is, one "who shall have or maintain a store, and shall have complied with the law relating to merchants' licenses."

2.  —— A physician who is licensed as a pharmacist or druggist, may, under the act of March 29, 1883 (Sess. Acts, 1883, sect. 4, p. 90), act in the double capacity of physician and salesman, under the restrictions therein provided.

APPEAL from the Lewis County Circuit Court, BEN. E. TURNER, Judge.

*Reversed, and the defendant discharged.*

BLAIR & MARCHAND, for the appellant.

OLIVER C. CLAY, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

The defendant was indicted for selling intoxicating liquor, in less quantities than one gallon. The indictment contained three counts, of which one was dismissed. On the remaining two counts, the defendant was tried, found not guilty, on one, and guilty on the other, and his fine was assessed at one hundred and fifty dollars.

The second count of the indictment, being the one on which the defendant was found guilty, charged that he sold intoxicating liquor, in the month of April, 1885, in less quantity than one gallon, being then a druggist and pharmacist. The indictment negatived all exceptions which would exempt the defendant from liability in making such sale.

The evidence on the part of the state, so far as it had any bearing on this count, tended to show that, in the month of June, 1885, the defendant sold one pint of whiskey to one Penn, at a drug store, in Lewis county, owned by the defendant's brother; that the defendant was a practicing physician, had his office adjoining the drug store, and acted as salesman for his brother. There was no evidence tending to show that the defendant him-

self was a licensed druggist, or that he had any interest whatever in the drug store, or in the sale of the article.

The defendant gave evidence tending to show that the whiskey sold formed part of a prescription prepared by himself as a practicing physician, and offered the prescription, which was read in evidence.

The complaints, made by the defendant on appeal, are: That there was no substantial evidence to support the verdict, and that the court misdirected the jury, and we must come to the conclusion that both of these complaints are just.

The defendant was indicted for a violation of the statute relating to druggists, and not for selling whiskey without license. The offences are different, and the punishment provided for the offences is different. The statute of 1883 (Laws 1883, p. 90, sect. 2), has reference to a druggist, as that term is defined by section 5473, of the Revised Statutes of 1879; that is, to one "who shall have or maintain a store, and shall have complied with the law relating to merchants' licenses," etc. Unless the state gave evidence that the defendant was a druggist, within such definition, it could not convict him on the second count of the indictment. The mere fact that the defendant filled his prescriptions at his brother's drug store, or even that he acted as salesman for his brother in the sale of drugs, did not constitute him a druggist within the meaning of the law. Whether the defendant's brother was liable for the defendant's acts, on the principles discussed in *Town of Kirkwood v. Autenreith* (21 Mo. App. 74), is a wholly different proposition.

There could be no recovery in this case, under all the evidence, as it fails to show that the defendant was a druggist, within the meaning of the statute, and it is needless, therefore, to notice in detail the further complaint that the jury were misdirected. We may add, however, that the case of *The State v. Anderson* (81 Mo. 78), which seems to have been relied on by the court

in its charge to the jury, can have no bearing on the present. case. That case was decided under the statute of 1879. Since then the statute was amended, and section 4, of the amendatory act of 1883, expressly provides that a . physician, licensed as a pharmacist or druggist, may act in the double capacity as physician and salesman, under the restrictions therein provided.

It results that the judgment must be reversed, and, as the evidence fails to make out a case, the defendant, in conformity with the recent rulings of the supreme court and of this court, must be discharged. It is so ordered. Thompson, J., concurs; Lewis, P. J., is absent.