GREENE COUNTY to the use of D. M. SIMS *et al.,* Respondent, v. W. W. WILHITE *et al.,* Appellants.

St. Louis Court of Appeals, February 28, 1888.

1. DRAM-SHOP BOND—NOT EXCESSIVE, WHEN.—A statutory provision requires every licensed dram-shop keeper to give a penal bond in sum of two thousand dollars, containing certain conditions. Another provision requires him also to give a bond of five hundred dollars, with additional conditions. *Held,* that a bond in the penal the sum of twenty-five hundred dollars, covering all the conditions mentioned in both statutes, is not void for excess of amount in the penalty.

2. PENAL BOND—FILLING OF BLANKS AFTER THE SIGNING.—A bond containing blanks at the time of the signing, is not vitiated by the subsequent filling of such blanks in accordance with the understanding and expectation of the obligors.

3. ——— FIRM NAME SIGNED BY A PARTNER.—The objection that a bond was executed in the name of a firm by one of its members, without authority from his copartners, is not available without a plea of *non est factum,* verified as the statute requires.

4. DRAM-SHOP KEEPER—ACTION AGAINST.—An action against a dram-shop keeper on his bond, for selling intoxicating liquors to a minor, is a statutory civil action for damages on account of a wrong done; and the defendant's liability is co-extensive with that of every principal for the tortious act of his servant or employe, done within the scope of his employment. At the same time, by express provision of the statute, any act done in violation of its terms by "any agent or other person acting for such dram-shop keeper" shall be deemed and taken as the act of the dram-shop keeper; and there can be no defence on the ground that such agent or other person acted contrary to his orders.

APPEAL from the Greene Circuit Court, HON. O. H. TRAVERS, Special Judge.

*Affirmed.*

Francis M. Wolf and Thos. W. Kersey, for the ·appellants : The ·bond sued on was taken in excess of the amount prescribed by statute, and hence void. Laws of 1883, sec. 2, p. 87; *United States v. Gordon & Shepperd*, 1 Brock. 190. Statutory bonds must be strictly construed and strictly pursued. 3 Call. 421; 2 Chitty's Pleading, 478; *Penlen v. Burson*, 1 Lord Raymond, 349; *Collins v. Blantern*, 2 Wilson, ·347; *Morange v. Boughton*, 21 Wendell, 57; *Williams v. Sheeley*, 2 Oregon, 144. The penalty in the bond sued on being greater than that prescribed by statute, imposes upon the obligor a greater burden than the law requires, invalidating the bond. *Commonwealth v. Laub*, 1 Watts and Sergeant, 261. This bond being variant from the statute and demanded under color of office is bad. *Farrar v. United States*, 5 Peters, 373. The bond in issue was altered by a stranger to the bond, after it was signed by the principals and sureties, and after it had passed from their hands. Murfree on Official Bonds, sec. 757, p. 757, note 1, and authorities therein cited. The court erred when it permitted any evidence to be introduced on the part of respondent, because the bond in issue was void; because the petition did not state facts sufficient to constitute a cause of action. The court erred in permitting the bond in question to be introduced, because said bond had been materially altered after its ·execution, and without the consent of the defendants. The court erred in declaring the bond a valid bond and refusing to let the jury pass upon the fact of the alteration. *Holton v. Camp*, 81 Mo. 661. The court erred in permitting oral evidence to be introduced to show that several of the principals in the bond, as well as several of the sureties, had supposed that the bond had been altered or would be altered. The court erred when it refused to allow appellants to prove that only one of the partners of W. W. Wilhite & Company had signed the bond in question.

Haseltine Brothers and B. R. Brewer, for the respondent: The bond of the defendants is not exces-

sive of the statutory requirements. Rev. Stat., sec. 5440,. as amended by Laws 1873, p. 87; Rev. Stat., sec. 1601. The defendants have enjoyed the benefits and fruits of a statutory bond, and cannot now be heard to deny their amenability to their obligation. *Rubleman v. Greve*, 18 Mo. App. 6; *Speak v. United States*, 9 Cranch, 28; *United States v. Bradley*, 10 Peters, 343; 97 U. S. 413; *Polk v. Plummer*, 37 Am. Dec. 566; *Newton v. Cox*, 76 Mo. 352; *Commonwealth v. Way*, 3 Ohio, 103. There was no alteration of the bond, but simply the filling. of some of the blanks in the conditions which were intended to be filled in no other or different way from that in which they were filled. *Field v. Stag*, 52 Mo. 534; Murfree on Official Bonds, sec. 42, p. 168; *Treasurer v. Douglass*, 77 Mo. 647; *Ex parte Kerwin*, 8 Cowan, 118.. The bond is a valid bond and it was properly admitted in evidence. *Graves v. McHugh*, 58 Mo. 499. The petition states a cause of action. Rev. Stat., secs. 3550, 3527; *Reynolds v. Railroad*, 85 Mo. 90; *Edwards v.. Brown*, 67 Mo. 377. The points attempted to be made by defendants on the sufficiency of plaintiffs' pleading are frivolous. *State ex rel. v. Williams*, 77 Mo. 463;. *State ex rel. v. Rush*, 77 Mo. 586. Nor is the objection in regard to time well taken. *Edwards v. Burns*, 67 Mo. 377; *State v. Small*, 31 Mo. 197; *State v. Findley*, 77 Mo. 338; *Boyce v. Chrysty*, 47 Mo. 70.. The bond was properly construed, held to be valid by the court, and the court properly so instructed the jury. The partnership name, signed to the bond by one of the partners for the purpose of entering into the dram-shop business, bound all members of the firm. *Gwinn v. Rooker*, 26 Mo. 290; Murfree on Official Bonds, sec. 159. The members of the firm were admitted on the pleadings. Laws of 1883, p. 121. The execution of the bond was. admitted on the pleadings, by failure to deny the same on oath. Rev. Stat., sec. 3653. The evidence and instructions offered by defendants in regard to the "instructions" and "intent" of the dram-shop keepers to their agents and bar tenders were properly refused, as.

this is a civil case.   Rev. Stat., sec. 5455 ; *Edwards v. Brown*, 67 Mo. 377 ; *Garretzen v. Duenckle*, 50 Mo. 104 ; *Krieter v. Nichols*, 28 Mich. 496 ; *Carroll v. State*, 3 Atl. Rep. 29 ; *Commonwealth v. Kelley*, 1 New Eng. Rep. 384 ; *Lack v. Stephens*, 35 Am. Dec. 382 ; 7 C. L. J. 178 ; 31 Am. Rep. (Iowa) 363 ; *Peter v. Noble*, 35 Wis. 80 ; *State v. Griffith*, 67 Mo. 287 ; 3 Greenl. on Evid., sec. 21 ; 79 Ill. 133 ; 29 Conn. 479 ; 8 Hun, 128.   Each drink is a separate and distinct cause of action.   *State v. Small*, 31 Mo. 197.   And each act of selling is a distinct cause of action.   *State v. Andrews*, 27 Mo. 268.   The question of intent and instructions of a principal to his agents, servants, and employes in a criminal case or *quasi*-criminal case has some foundation in Missouri, but has none in civil cases like this.   *Edwards v. Brown*, 67 Mo. 377 ; Rev. Stat., sec. 5455 ; *State v. Probasco*, 17 N. W. Rep. 607.   The court had the power and it was its duty to make its records speak the truth after the appeal now taken.   *DeKalb v. Hixon*, 44 Mo. 341 ; *Bank v. Allen*, 68 Mo. 474.

ROMBAUER, J., delivered the opinion of the court.

This is an action upon an instrument purporting to be a dram-shop bond, given under the provisions of section 5440, Revised Statutes, as amended by act, approved March 24, 1883.   Laws 1883, p. 87.   The three defendants first named are sued as principals, and the three defendants last named as their sureties.

The petition contains twenty-two counts.   The first thirteen charge the defendant principals with as many different breaches of the bond in December, 1885, and January, 1886, in this, that they sold, or caused or suffered to be sold or given, on their premises, to the relators' minor son, and without the relators' consent in writing, intoxicating liquors.   Each of the counts seeks a recovery of the sum of fifty dollars under the provisions of the act approved March 31, 1885.   Laws 1885, p. 160.   The last nine counts seek a recovery for other breaches of the bond, but as these counts were

withdrawn from the jury their consideration is immaterial.

Upon a trial of the cause before a special judge and jury, there was a verdict for the relators on the first eight counts. The court thereupon rendered judgment for two thousand dollars, the penalty of the bond as limited by statute, with an award of execution for four hundred dollars in favor of relators.

The defendants appealing assign nineteen errors. Most of these are repetitions of the same exceptions, in various forms, and we shall notice such only as admit of a reasonable contention.

The first is, that the penalty of the bond is in excess of the amount provided for in the statute, and the bond is, therefore, void, and incapable of enforcement; that the law provides for a bond in the penal sum of two thousand dollars, while the bond sued on is in the penal sum of twenty-five hundred dollars.

The law under which the present prosecution was had provides for a bond in the penal sum of two thousand dollars only, but the statute, to guard against the sale of adulterated liquors (Rev. Stat., sec. 1601) provides for a bond in the penal sum of five hundred dollars, containing additional conditions. It is unquestionably the more regular method to take from the dram-shop keeper two separate bonds, with the penalties and conditions fixed by the statute, respectively, which, in case of breach of conditions, will avoid all complications. But as the defendant principals in this case were legally bound to give bonds in the penalty of twenty-five hundred dollars before they could obtain a license, we cannot well perceive how either they or their sureties can complain, because they are required to execute one bond only instead of two, provided the penalty was not in excess of the aggregate penalties required by law.

It has been the tendency of the decisions in this state to uphold bonds as statutory bonds even when they departed from the terms of the statute, provided, no substantial rights of the obligors were violated and no

burden imposed upon them in excess of the obligation required by law. *Grant. v. Brotherton*, 7 Mo. 458; *Flint v. Young*, 70 Mo. 225; *Newton v. Cox*, 76 Mo. 353; *Rubelman v. Greve*, 18 Mo. App. 9, and cases cited. This exception, therefore, is not well taken.

The next exception is, that the bond had been altered after its execution by the defendants, and was thus avoided. The record recites that the defendant sureties filed a plea of *non est factum*. The *jurat* to the plea shows no date, and was, subsequent to the filing of the bill of exceptions, stricken out by the court on the ground that it was not annexed to the plea when originally filed. Of this action of the court the defendants complain as irregular and unwarranted by the rules of practice in the trial court. It is needless to decide what is the proper reading of the record under these circumstances, since the execution of the bond is fully established by the testimony of defendants themselves. The genuineness of their signatures is admitted, and the only complaint made by them is that certain blanks in the bond were filled after they had signed the same.

They all knew that they signed a dram-shop keeper's bond, which, at the date of their signature, contained the penalty and conditions. They all knew that the bond contained certain blanks which were to be filled before delivery. These blanks were filled before delivery, and it nowhere appears that they were filled contrary to the expectations of the obligors. This brings the case within the rule stated in *Field v. Stagg*, 52 Mo. 536, which validates instruments under seal, thus completed by parol authority.

The next exception worthy of notice is, that the bond sued on is not the bond of W. W. Wilhite and R. W. Minor, principals, that it is an instrument under seal and signed by S. G. Burton, one of the copartners, with the firm name of Wilhite & Company, no authority under seal from his copartners so to do being shown. It is claimed that the court misinstructed the jury on

the question of subsequent ratification by conduct, as an instrument under seal executed by one partner without authority by specialty from his copartners cannot be thus validated.   Citing in support *Henry County v. Gates,* 26 Mo. 315, and ignoring *Gwinn v. Rooker,* 25 Mo. 290.

This is a defence affecting the two principals above named only, and as it is not pretended that they ever filed a plea of *non est factum,* verified by oath as the statute requires, the execution of the instrument by them stands admitted, and the exception is not well taken, regardless of all other considerations.

The only other exception worthy of consideration is, that the court misinstructed the jury in this :   That it made the relators' right of recovery dependent on the fact that the intoxicating liquor was sold to the minor on the premises and at the bar of the defendant principals, and also that the court refused to receive evidence that such sale was made without authority of the defendant principals, or either of them, and contrary to their instructions.

Before entering into consideration of this exception it is proper to state that the evidence adduced by plaintiffs tended to show that the liquor was sold to the infant by Scott Burton, one of the defendant principals, and Harry Wilkes, their barkeeper, in the presence of Burton.   Burton was called as a witness for the defence. He failed to deny, either that the drinks were sold by him, or that they were sold by Wilkes in his presence. The offer of proof made was that Henry Wilkes, the barkeeper, so sold the liquor against the positive instructions and without the knowledge of the defendant principals, unaccompanied by any further offer; that the instructions were given in good faith and with a purpose of having them obeyed, and were not merely colorable.   In view of these facts the good faith of the offer of proof was certainly very questionable.

But we need not rest our decision on this point on
VOL. xxix—30

the question whether the offer was made in good faith. This is neither a criminal, nor *quasi*-criminal, nor *qui tam* action. It is strictly a civil statutory action on part of the plaintiff for the recovery of damages for a wrong done, such damages being liquidated by statute. *Edwards v. Brown*, 67 Mo. 377. Being such it has to be governed by the rules of evidence applicable to civil proceedings. The master is answerable for the torts of his servants while acting within the general scope of his employment, even if such torts are committed against the master's orders. *Garretzen v. Duenckel*, 50 Mo. 104.

The language of the statute is express. It states that the dram-shop keeper shall not sell, give away, or otherwise dispose of, or suffer the same to be done about the premises. What the word, suffer, means admits of no doubt, since the next succeeding section provides that "any sale, gift, or other disposition of any intoxicating liquor made to any minor * * * without the permission or consent herein required * * * by any agent or other person acting for any dram-shop keeper * * * shall be, deemed and taken, for all the purposes of this chapter, as the act of such dram-shop keeper."

This in itself is sufficient to distinguish the case in its rules of evidence from *Casey v. State*, 6 Mo. 646, and *Kirkwood v. Autenrieth*, 11 Mo. App. 515, and 21 Mo. App. 74.

Judgment affirmed. Judge Thompson concurs. Judge Lewis is absent.