STATE OF MISSOURI, Respondent, v. LUKE F. QUINN, Appellant.

**St. Louis Court of Appeals, April 15, 1890.**

**Evidence** considered and *held* insufficient to sustain the verdict.

*Appeal from the Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED ( *and defendant discharged* ).

*L. D. Grove*, for the appellant.

*R. F. Scott*, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This was an indictment against a druggist for selling intoxicating liquors in less quantity than one gallon without having a physician's prescription or a dram-shop-keeper's license. The defendant was convicted, fined one hundred dollars, and appeals, to this court. The evidence does not support the verdict. It appeared that the defendant was duly registered as a pharmacist; that he had a merchant's license, but no license as a dramshop-keeper, and that he kept a drug store; that in the rear of this drug store there was a room separated from the store by a partition through which there was a door, which room had in it a barrel, and "several articles, a desk, stove and some chairs;" that the informing witness went into this back room and told one Ed. Lucas that he wanted some medicine, that he wanted a dram; that Ed. Lucas drew from the barrel "a small dose" in a small glass and gave it to the witness; and that it was not a gift but a sale. The witness

could not say that the defendant was there ; could not remember what Ed. Lucas was doing ; could not say who was in charge of the business at the time, but Mr. Lucas waited on him.

It is perceived that, in the above testimony, there is nothing connecting Ed. Lucas with the defendant in any way, except so far as it is afforded by the mere fact that Ed. Lucas was there in the absence of the defendant and served the witness with a glass of whiskey, in the back room of the store. There was no evidence that Ed. Lucas was in charge of the store, that he was serving customers, or that he was in the general or even in the temporary employment of the defendant. The evidence is entirely consistent with the conclusion that Ed. Lucas may have done the act as an unauthorized or an officious person. If the action had been an action for civil damages, as was the action in the case of *Greene County to use v. Wilhite*, 29 Mo. App. 459, 466, where the rule of *respondeat superior* applies, it would not have made out a case against the defendant ; for, while a man is answerable *civiliter* for the *torts* of his servants, he is not answerable for the torts of inter-meddlers or officious persons. Much less will such evidence make out a case to go to a jury under a criminal indictment, within the principles laid down in *Casey v. State*, 6 Mo. 646, and *Town of Kirkwood v. Autenreith*, 11 Mo. App. 515, and 21 Mo. App. 74. We may add that, if Ed. Lucas was really in the employ of the defendant, the fact would seem to have been easily susceptible of proof.

Judgment reversed and defendant discharged. All the judges concur.