40  627
66  493
40  627
79  350

THE STATE OF MISSOURI, Respondent, v. LUKE F. QUINN, Appellant.

### St. Louis Court of Appeals, April 15, 1890.

1. **Criminal Law: BILL OF EXCEPTIONS.** Exceptions to the action of the trial court on motions in a criminal case for a bill of particulars, and to quash the indictment, are waived, unless preserved in the motion for new trial.

2. ―――: BILL OF PARTICULARS. The practice of demanding a bill of particulars in a criminal case has never prevailed in this state.

3. ―――: DRUGGISTS: SALE OF INTOXICATING LIQUOR. Evidence that the defendant was a registered druggist, and that a merchant's license for drugs was issued to him, though such license did not contain the given name of the defendant, is sufficient evidence of the occupation of the defendant as druggist within the purview of section 2 of the act of March 29, 1883, concerning the sale of intoxicating liquors by druggists, and the statute of which it is amendatory.

4. ―――: ―――: ―――. A sale of whiskey at the drugstore of defendant by a person, then in charge of such store and attending to the defendant's business, *prima facie*, establishes a sale by the defendant within the meaning of said section 2.

*Appeal from the Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*L. D. Grove*, for the appellant.

(1) The allegations of the indictment will not warrant a judgment, and the motion in arrest should have been sustained; the theory of the indictment being that the druggist must procure prescription from some regular practicing physician—not that the purchaser should procure the same. (2) The motion for bill of particulars should have been sustained; while such orders are very much in the discretion of the court, that discretion will be reviewed and it will be held error if such discretion deprives persons charged with crime of substantial rights. *Commonwealth v. Davis*, 11 Pick. 424; *State v. Chitty*, 1 Bailey, 379; 1 Bishop Crim. Proc. 107–8, 643–6; *Commonwealth v. Wood*, 4 Gray, 11; *Commonwealth v. Giles*, 1 Gray, 411. The court erred in not hearing the proof to quash the motion, as the same was competent, and, if found true, the indictment should have been quashed. *State v. Grady*, 84 Mo. 220. The first instruction is erroneous in charging that simply being registered as a druggist makes him liable—ignoring the necessity of being a merchant as well. *State v. Marchand*, 25 Mo. App. 657. Also, in charging the presumption of no prescription. 1 Greenleaf Ev. [14 Ed.] secs. 78, 79, 80; *State v. Hirsch*, 45 Mo. 429. The third instruction is erroneous in that it is not predicated upon the evidence, and in that it does not charge that defendant should have been a druggist within the meaning of the law. *State v. Marchand*, 25 Mo. App. 657; 1 Greenleaf Ev., secs. 78, 79, 80; *State v. Hirsch*, 45 Mo. 429.

*R. F. Scott*, for the respondent.

ROMBAUER, P. J., delivered the opinion of the court.

The defendant was indicted in November, 1888, for selling intoxicating liquor as a druggist without a

written prescription from a registered physician. The indictment was preferred under section 2 of the act of March 29, 1883 (Laws, 1883, p. 90), which reads as follows:

"No druggist or pharmacist shall, directly or indirectly, sell, give away or otherwise dispose of intoxicating liquors of any kind in any quantity less than one gallon, for any purpose, except on a written prescription, dated and signed, first had and obtained from some regularly registered and practicing physician, and then only when such physician shall state in such prescription the name of the person for whom the same is prescribed, and that such intoxicating liquor is prescribed as a necessary remedy; provided, that any druggist or pharmacist may sell or give away, in good faith, any wine for sacramental purposes. Any druggist who shall violate any of the provisions of this section shall be deemed guilty of a misdemeanor, and on conviction shall, for the first offense, be fined not less than one hundred nor more than five hundred dollars, and for a second offense shall, on conviction, in addition to such fine, have his license as a pharmacist revoked."

The indictment is in proper form, and charges the offense as having been committed on the twenty-first of October, 1883. The defendant moved for a bill of particulars, which the court denied. He then moved to quash the indictment upon the ground, among others, that the indictment was found and returned by the grand jury without any evidence showing or tending to show that the defendant was guilty of the offense charged.

In support of the motion defendant offered to prove by the prosecuting attorney that the grand jury had no proof whatever before them that the defendant was a registered druggist and pharmacist. The court would not permit him to do so, and the defendant excepted.

At the close of the case for the state the defendant demurred to the evidence, and, his demurrer being overruled, he offered no evidence himself, but excepted to the instructions given on behalf of the state. The trial resulted in the defendant's conviction, and he now assigns for error the rulings of the court hereinabove set out. In regard to the exceptions touching the court's refusal to sustain the motion for a bill of particulars, and touching the action of the court in refusing to hear evidence in support of the motion to quash, we need only say that these exceptions are not preserved in the motion for new trial and hence are waived. There seems to be no difference in that respect between civil and criminal cases. *State v. Dunn*, 73 Mo. 586; *State v. Robinson*, 79 Mo. 66. We will add, however, that the practice of demanding a bill of particulars in criminal cases, which is established in some states, has never prevailed in this state, and that the case of *State v. Grady*, 84 Mo. 220, merely decides that an indictment found by the grand jury without hearing any evidence whatever may be quashed on motion, and not as defendant's counsel conceives that an indictment may be thus quashed by a mere showing that it was found by the grand jury upon insufficient evidence.

The evidence upon the trial tended to show that a glass of whiskey was sold to a person at the defendant's drugstore in the town of Poplar Bluff by a person then in charge of such store and attending to the defendant's business, and that this sale was made without any prescription from any one. It was admitted that the defendant was a registered druggist, and it was shown that a merchant's license for drugs was issued to Quinn, at Poplar Bluff, for a period covering the date of this sale. The license did not contain the given name of Quinn. We think this proof was sufficient to make a *prima facie* case for the state. It constituted the defendant a druggist within the definition of the section above quoted, and of the statute whereof it is

amendatory (*State v. Marchand*, 25 Mo. App. 657), and was *prima facie* evidence at least that the sale was made by the defendant's authority. *Casey v. The State*, 6 Mo. 646; *Town of Kirkwood v. Autenreith*, 21 Mo. App. 73.

We have carefully examined the instructions and find nothing in them of which the defendant can justly complain.

The judgment is affirmed. All the judges concur.