HENRY COUNTY, TO USE, &c., Defendant in Error, v. GATES, Plaintiff in Error.

1. One partner has no authority to bind his co-partner by instrument under seal.
2. If one partner, authorized by his co-partner by instrument not under seal to execute a *note*, executes in his own name and that of his co-partner a sealed note or bond, no recovery can be had thereon against such co-partner; a plea of *non est factum* will be made good by such facts.

*Error to Henry Circuit Court.*

This was a suit by Henry County, to the use of the road and canal fund of said county, on the following instrument: " Twelve months after date, we or either promise to pay Henry County, for the use and benefit of the road and canal fund of said county, the sum of one hundred and fifty-six dollars, for value received, with interest from date. As witness our hands and seals this 11th day of November, 1851. [Signed] J. R. Gates (seal), J. M. Vanhoy (seal), Abraham Banta (seal)."

Defaults were taken against Vanhoy and Banta. Gates answered, putting in issue the execution of the bond. The cause was tried by the court without a jury. Vanhoy, one of the defendants, was, without objection on the part of Gates, called as witness. He testified that Gates and himself were partners doing business in Henry county, 1851; that they were indebted to the Bank of Lexington and wished to raise money to pay said debt; that he informed Gates that there was money in the county treasury belonging to the road and canal fund which might be obtained; that Gates gave to witness the following written authority: " I do hereby authorize J. M. Vanhoy to *ass*ign my name to a note for two hundred dollars, payable to the county of Henry for the use of the road and canal fund. This 10 ——, 1851. [Signed] J. R. Gates;" that he (Vanhoy) as co-partner signed Gates' name to said bond sued on.

The court found for plaintiff.

*W. P. Johnson*, for plaintiff in error.

I. Gates did not sign the bond himself, nor did he authorize any one to sign the bond for him; he did authorize Vanhoy to sign his name to a note for $200. An agent can not bind his principal by deed unless he be authorized by deed. (9 Wend. 56; 14 Serg. & Raw. 331; 5 Mass. 11; 1 Mo. 139; 2 Johns. 213.)

*Wright*, for defendant in error.

I. Vanhoy was admitted as a witness by consent. There was no objection to him as a witness. (13 N. H. 32, 179; Coll. on Part. 716.) There is no force in the objection that Vanhoy was authorized to sign a note and that the instrument sued is a bond. In legal acceptation the instrument is a promissory note. The authority to Vanhoy was ample. The seal does not vary the liability of Gates. There is no difference in effect in this state between a note with a seal and one without a seal. If the act of one partner be a good and valid act in itself, it will not be rendered less so if done by a specialty, provided the seal do not vary the liability. (Taply v. Butterfield, 1 Metc. 515; Smith on Cont. 354; 5 Watts, 22.) A partner may bind his co-partner by instrument under seal executed in the firm's name and necessary in the usual course of business, provided he had previous authority, and such authority need not be under seal, nor in writing. (3 Kent, Com. 53; 1 Seld. 229; 3 Comst. 150; 2 Stew. 297; 19 Johns. 513; 1 Hall, 262.)

NAPTON, Judge, delivered the opinion of the court.

The rule of the common law in relation to a written instrument under seal executed by an agent, is that the authority of the agent to execute it must be under seal; and, so far as deeds or conveyances of land are concerned, the rule is strictly adhered to. Since the substitution of scrawls for seals and the allowance of defences to bonds as extensive as those to notes, the distinction between these two classes of

Henry County v. Gates.

written instruments has become purely technical, and there has consequently been an inclination on the part of the courts to modify this ancient rule so far as it relates to them. Where the contract would be good without a seal, it has been maintained that the seal will not prevent its enuring as a simple contract, though the authority be by parol or merely implied from the relations between principal and agent. (Lawrence v. Taylor, 5 Hill, —; Worrell v. Munn, 1 Seld. 239.) So in partnerships, where property has been conveyed by a sealed instrument, which could as well have been transferred by a simple contract or by parol, the title will pass, although the partner who executed the instrument under seal had no authority to put the partnership name to such a paper. (Anderson v. Thompson, 1 Brock. C. C. 462.)

Conceding this to be the law, the case before the court is somewhat different from either class of cases. It is not an attempt to treat the contract as a simple contract, and recover upon proof of the parol authority to borrow the money, and that the money was borrowed, and that it went into the partnership concern and was used for the partnership benefit. This suit is on the sealed instrument; the plea of *non est factum* is put in, and the plea is confessedly sustained. To permit a recovery in such a case upon the ground that the defendant, in equity and good conscience, owes the money and is bound to pay it, is virtually to abolish all distinctions between bonds and notes, which, however politic or proper, would seem to require some legislative interposition. But it would be going farther than this. The plaintiff sues upon a sealed obligation, which he says was executed by the defendant and is now due, and asks for a judgment for the amount so called for by the instrument. The defendant denied the execution of the instrument, and the proof shows that there was a parol authority to sign a note for the sum specified in the bond. In other words, the proof shows that the specific instrument sued on had no obligation upon the principal who is sued. Can the court, because it appears that the money was actually borrowed by authority of the defendant, and used by him in

21—VOL. XXVI.

the partnership of which he was a member, enter a judgment on the bond ?  Would not this be a departure from the issue such as even the liberality of our new practice act would not tolerate ?  Would it not in truth be a judgment in the face of the pleadings ?

In the case of Cooper v. Rankin, 5 Binn. 613, where an attorney, not authorized by writing under seal, executed a deed of release, under seal, in the name of his principal, the court held it could not be given in evidence under the plea of *non est factum*, but permitted it to go in under the plea of non assumpsit, as evidence of an agreement not to sue. There, it will be observed, the sealed release was used by way of defence.  There were pleas of release, non assumpsit, payment, &c., to the note sued on.  To the plea of release, *non est factum* was replied.  Upon the issue of *non est factum*, the court treated the release as invalid in conformity to the precedents ; but as other defences were put in—non assumpsit and payment—the release was allowed to go in to prove an agreement not to sue ; and in this way was made available. This case goes as far perhaps as any, but it shows that this judgment can not be sustained.  Here the bond is not offered by way of defence along with other defences, but it is the ground-work of the action and its only basis.  The defence of *non est factum* is put in the pleadings and made out in the proof.  Whether an action for the money may not be maintained in another form, is a question not now before the court.  There are certainly authorities in New York, perhaps elsewhere, to show that upon the facts of the case an action would lie.  The simple contract is not considered as merged in the bond.

With every disposition to sustain the judgment of the circuit court, we are unable to to see how it can be done consistently with well established principles.  Judge Scott concurring, the judgment is reversed.