WILLIAM E. STERLING *vs.* FREDERIC BOCK, impleaded, etc.

January 11, 1889.

**Partnership Contract—Seal rejected as Surplusage.**—If a written contract, not required to be under seal, within the scope of the partnership business, be executed under seal by one partner in behalf of the firm, the seal may be rejected as surplusage, and the instrument treated as the parol contract of the partnership.

**Same—Ratification of Sealed Contract.**—If a contract in behalf of the copartnership, executed under seal by one partner, be, after its execution, ratified by the other partners, it becomes the deed of the firm as fully as if executed under seal by all the partners.

Action in the district court for Hennepin county, against the defendants as partners doing business under the name of "Pence Opera House Company," for breach of the following written contract, being Exhibit A to the complaint:

"This agreement, made this 14th day of August, 1886, between W. E. Sterling, party of the first part, and Pence Opera House Co., party of the second part, witnesseth: That said party of the first part, in consideration of the promises and agreements hereinafter mentioned,

to be kept and performed by said party of the second part, does hereby agree to perform the services of an actor at Pence Opera House, Minneapolis, Minn., from the 16th day of August, 1886, to the 20th day of April, 1887. That said second party, in consideration of the premises, shall pay to said first party the sum of thirty (30) dollars per week, payable at the end of each and every week during said period. * * *

"In witness whereof the parties hereto have hereunto set their hands and seals the day and year herein first mentioned.

"FREDERICK BOCK.    [Seal.]

"W. E. STERLING.    [Seal.]

"L. D. PRATT."

On the trial, before *Rea*, J., and a jury, the defendant Bock, who alone appeared and answered, objected to the introduction of Exhibit A in evidence, on the ground that the same appeared to be the contract of Frederick Bock, and not the contract of the defendants the Pence Opera House Company, which objection was overruled. Plaintiff had a verdict. The defendant Bock appeals from an order denying a new trial.

*Smith & Reed,* for appellant.

*Weed Munro,* for respondent.

MITCHELL, J.[1] There are no merits in this appeal. The evidence showed that the defendants were partners under the style of "The Pence Opera House Company." The contract, Exhibit A, was within the scope of the partnership business, and hence its execution on behalf of the firm within the authority of any of the partners. It shows on its face that it was intended to be the contract of the firm. It was executed in person by two of the partners, and after its execution it was, with full knowledge of its existence, ratified by all the partners by accepting plaintiff's services performed under it. Under such circumstances, it is the contract of the firm, and binding on all the partners, regardless of the precise form of its execution. 1 Lindl. Partn. 178; *Whitney* v. *Wyman,* 101 U. S. 392.

---

[1] Dickinson and Vanderburgh, JJ., being absent in canvassing the vote for state officers, took no part in this case.

Not being required to be under seal, the seals attached to the names of Bock and plaintiff may be rejected as surplusage, and the instrument treated as the parol contract of the firm. *Gibson* v. *Warden,* 14 Wall. 244; *Milton* v. *Mosher,* 7 Met. 244. Or, if it be treated as a sealed instrument, having, after its execution, been ratified by all the partners, it becomes the deed of the firm, the same as if executed by all of them under seal. Story, Partn. § 122. There was therefore no error in admitting the contract in evidence.

Order affirmed.