BJOERN EDWARDS

v.

LEVI DILLON.

*Filed at Springfield October 27, 1893.*

1. PARTNERSHIP—*power of partner to bind firm by seal.* At common law one partner can not bind the other partners by an instrument under seal, unless they gave him express authority under their seals. Under this rule it has been held that where one partner executes an instrument under seal, without authority under seal, he alone is bound by it.

2. The general weight of authority is in favor of the position that at common law one partner has no implied power to bind the firm by an instrument under seal.

3. The American courts hold to the doctrine that where one partner executes an instrument under seal in the name of the firm, it will be regarded as binding upon the firm, where an express or an implied authority or confirmation can be justly established, not under seal, whether it be verbal or in writing, or circumstantial. And the prior assent or subsequent ratification may not only be by parol, but may be implied from declarations, or from acts and circumstances.

4. SAME—*when partner may bind firm by sealed contract.* Under the American doctrine, the liability of the partners will not be confined to the one who signs the sealed instrument in the name of the firm, if it appear that the prior assent or subsequent ratification of the other partners can be implied from their acts and declarations, or from other proper evidence tending to show such assent or ratification.

5. SAME—*when seal to firm name may be disregarded.* While one partner can not bind his co-partners by deed, yet if the instrument executed by him, though under seal, would have been valid without a seal, and within the scope of the partnership business, and within the powers belonging to each partner, then the seal may be disregarded, and the instrument may be ratified as a simple contract.

6. Where the covenants or other obligations in a bill of sale of personal property, as well as the transfer of the interest in the property itself, are within the ordinary scope of the partnership business and within the powers of each partner, the non-executing partners are not relieved from liability upon such obligations by the mere fact that the partner signing the partnership name affixes a seal.

7. SAME—*powers of partners to sell and warrant.* Where a partnership is formed for the sale of stallions, and each partner has the power

to make sales, such power involves the further power to warrant the quality of the animal as to its fitness for the purpose for which it is to be sold.

8. Partners are considered as sanctioning the contract which they singly enter into. Each partner is made the general agent of his co-partners as to the firm business.

9. AGENCY—*power of general agent to warrant.* Where a general agent is employed to carry on a business, the authority to sell, which is conferred on him, may carry along with it the power to warrant, if it is usual to give a warranty when making a sale in such business.

10. SEALED INSTRUMENTS—*form of action thereon.* Under section 19 of the present Practice act, assumpsit may be maintained upon sealed instruments. That section has abolished the distinction between sealed and unsealed instruments.

11. A general agent employed to carry on the business of horse dealing for his employer, has an implied authority to warrant soundness when making sale of a horse.

12. SALE—*implied warranty.* Where a dealer contracts to sell or supply an article in which he deals, to be applied to a particular purpose, so that the buyer necessarily trusts to the judgment of the dealer, there is an implied warranty that it is fit for the purpose to which it is to be applied.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. OSCAR C. TORRISON, and Messrs. KERRICK, LUCAS & SPEN-CER, for the appellant:

An action on a contract under seal, signed and sealed by one partner in the name of the firm, though made in the course of partnership business and for partnership liability, is the sealed instrument of the individual partner signing the same, and the action must be brought against him, alone. *Eames* v. *Preston,* 20 Ill. 389; *Walsh* v. *Lennon,* 98 id. 27; *Harrison* v. *Jackson,* 7 T. R. 207; *Anderson* v. *Tompkins,* 1 Brock. 456; *Gates* v. *Graham,* 12 Wend. 53; *Armstrong* v. *Robinson,* 5 Dill. & Johns. 412; *Clement* v. *Bush,* 3 Johns. 188; *Nunnelly* v. *Doherty,* 1 Yerg. 26; *Morris* v. *Jones,* 4 Harr. 428; *Girard* v. *Basse,* 1 Dall. 119; Story on Partnership, secs. 119, 122,

note 3; Collyer on Partnership, sec. 671, and notes; Dunlap's Paley on Agency, 157, and note.

The authorities seem to be uniform that the one partner who signs and seals in the firm name may be sued alone on the sealed instrument. But some of the authorities hold that all the other members are also liable on the instrument, if they authorized the one partner to seal the contract by an instrument under seal, but not otherwise. *Eames* v. *Preston*, 20 Ill. 389; *Harrison* v. *Jackson*, 7 T. R. 207; *Nunnelly* v. *Doherty*, 1 Yerg. 26; *Trimble* v. *Coons*, 2 A. K. Marsh. 375.

But this latter class of cases all hold that in order to ratify a contract under seal, thus made by one partner in the firm name, the partner ratifying, in order to bind himself by the sealed instrument, must know that it is under seal, and it is not enough that he knows and assents to the terms of the contract, or even derives the benefit thereof, not knowing it to be under seal.

Authority to make the contract in question gave no authority to seal it. (*Gates* v. *Graham*, 12 Wend. 53.) And the burden of showing such express authority or ratification is upon the defendant who pleads in abatement, "and the proof should be conclusive on the point, to justify the court in turning the plaintiff over to a new action." *Gates* v. *Graham*, 12 Wend. 53.

Messrs. FIFER & PHILLIPS, for the appellee:

Partnership engagements are joint, only. All who were partners at the date of the contract must be joined. Each partner is entitled to have the judgment go against all, and a partner sued singly can only avail himself of these rules by a plea in abatement. Bates on Partnership, sec. 1049; *Page* v. *Brant*, 18 Ill. 37; *Puschel* v. *Hoover*, 16 id. 340; *Pearce* v. *Pearce*, 67 id. 207.

While the general rule of the common law still prevails, that a partner has no implied power to bind his co-partners by a sealed instrument, yet the following modification of that rule

is now recognized: If the act done be one which would be valid and effective without a seal, the addition of a seal by the signing partner does not vitiate it, and the seal may in such case be treated as surplusage. *Alexander* v. *Alexander*, 85 Va. 353; *Sterling* v. *Bock*, 40 Minn. 11; *Human & Co.* v. *Cuniffe & Co.* 32 Mo. 316; *Robinson* v. *Crowder*, 4 McCord, 287; *Tapley* v. *Butterfield*, 1 Metc. 515; *Everit* v. *Strong*, 5 Hill, 163; *Milton* v. *Mosher*, 7 Metc. 244; *Deckard* v. *Case*, 5 Watts, 22; *Dubois' Appeal*, 2 Wright, 231; *Lucas* v. *Bank*, 2 Stew. 280; *Forkner* v. *Stewart*, 6 Gratt. 147; *McCullough* v. *Summerville*, 8 Leigh, 415; Mechem on Agency, sec. 141.

One partner may bind his co-partner, within the scope of the partnership, by a sealed contract, if such act be either previously authorized or subsequently ratified by the other partners; and such authority or ratification may be by parol, and may be inferred by a jury from the acts of the parties or from the course of the business. *Peine* v. *Weber*, 47 Ill. 41; *Wilcox* v. *Dodge*, 12 Bradw. 517; *Walsh* v. *Lennon*, 98 Ill. 27; *Hier* v. *Kaufman*, 134 id. 215; *McDonald* v. *Eggleston*, 26 Vt. 154; *Cady* v. *Shepherd*, 11 Pick. 400.

The presumption is, where a firm name is signed to a sealed instrument by one partner, that the partner so signing had authority to execute the instrument under seal. *Hier* v. *Kaufman*, 134 Ill. 215; *Lambden* v. *Sharp*, 9 Humph. 224; *Alexander* v. *Alexander*, 85 Va. 353; *Remington* v. *Goodrich*, 5 Wis. 138.

Under the evidence in this case all the four partners named in the plea in abatement were ostensible partners.

To constitute a dormant partner, three things are necessary: First, he must take no active part in the business; second, his name must not appear in the title of the partnership; and third, he must be unknown to those who lend credit to the firm. Bates on Partnership, secs. 151, 152.

A dormant partner is one "whose name and transactions as a partner are professedly concealed from the world." Bouvier's Law Dict. title "Dormant."

2—147 Ill.

The word "dormant," implies both secrecy and inactivity. Parsons on Partnership, 34, note p.

Partners who are represented in the firm style by the words "& Co." are not dormant but ostensible partners. *Podrasnic* v. *Martin*, 25 Ill. App. 300; *Goddard* v. *Pratt*, 16 Pick. 428; *Defford* v. *Reynolds*, 36 Pa. St. 325.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of assumpsit brought by the appellant against the appellee upon the following sealed instrument:

"THIS IS TO CERTIFY that Levi Dillon & Sons have this day sold to *B. Edwards*, of *Chicago, Ill.*, the *imported Norman stallion, Cambrone*, for the sum of *eighteen hundred* dollars. We warrant the said *stallion* sound and healthy, but assume no responsibility on account of disease or accident after this date. We guarantee that the said stallion, with proper handling, shall prove to be an average foal-getter. In case the said stallion shall fail to get colts, we agree to exchange him for a stallion of equal merits, and to pay half of the expense incurred in making said exchange. Said stallion shall have a fair trial of two years before being condemned as a breeder. *Cambrone was foaled in France in 1880, and imported to the United States by Dillon Brothers in 1883. Cambrone is recorded in the National Register of Norman Horses, No. 2081.*

"In witness whereof, we have hereunto set our hands and seal this *thirtieth* day of *January, 1884.*

LEVI DILLON & SONS.  [Seal.]"

All of the foregoing instrument was a part of the printed form hereinafter referred to, except the signature to said instrument, and those words thereof which are italicized. The declaration avers breaches of the warranty and guarantee set forth in the certificate.

The defendant, Levi Dillon, pleaded in abatement the non-joinder of his four partners, setting up that the alleged prom-

ises, if any, were made by the firm of "Levi Dillon & Sons," composed of Levi Dillon, John Harding, James Railsback, Ellis Dillon and James C. Duncan, and that the horse in question, at the time of the sale, was the property of the firm and not of Levi Dillon alone. The plaintiff did not amend his declaration by making new parties, but filed his replication joining an issue of fact on the plea. In the circuit court there was a trial by jury, and verdict and judgment were in favor of the defendant, which judgment has been affirmed by the Appellate Court.

It is admitted, that the signature to the contract, "Levi Dillon & Sons," was made by Levi Dillon alone. The issue tried below was, whether or not the contract was the contract of Levi Dillon & Sons, or of Levi Dillon alone. The jury found it to be the contract of the firm, and the judgment of the Appellate Court is conclusive of the question of fact.

But it is urged by appellant, that the court erred in allowing the defendant to introduce, over plaintiff's objection, oral proof of the partnership, upon the alleged ground that the contract sued on was under seal, and that Levi Dillon had no power to sign a sealed instrument for the firm, and that, therefore, under the law the signature was that of Levi Dillon alone, and that he alone was liable. The same question presented by the objections to evidence arises upon the instructions. It is assigned as error, that the court refused to instruct the jury, at plaintiff's request, that, "in order to bind the partners by signing and sealing the contract in question in the firm name of Levi Dillon & Sons, the defendant must have had express authority from each one of his partners to execute the contract under seal."

At common law one partner could not bind the others by an instrument under seal, unless they gave him express authority under their seals. In harmony with this rule it has been held, that, where one partner executes an instrument under seal in the firm name without authority under seal, he

alone is bound by it. (Story on Partnership—7 ed.—secs. 117 and 119; 1 Bates' Law of Partnership, sec. 421). The general weight of authority is undoubtedly in favor of the position, that one partner has no implied power to bind the firm by an instrument under seal. (17 Am. & Eng. Enc. of Law, page 1001 and cases in notes). But the American courts have been inclined to depart from the harshness of the common law rule. They hold to the doctrine that, where one partner executes an instrument under seal in the name of the firm, it will be regarded as binding upon the firm, "where an express or implied authority or confirmation could be justly established not under seal, whether it be verbal, or in writing, or circumstantial." (Story on Part.—7 ed.—secs. 121, 122). The prior assent or subsequent ratification may not only be by parol, but may be implied from declarations, or from acts and circumstances. (1 Bates on Law of Part. sec. 416; Parsons on Part. marg. page 181 and notes; *Gram* v. *Seton*, 1 Hall, 262; *Cady* v. *Shepherd*, 11 Pick. 400; 17 Am. & Eng. Enc. of Law, page 1002 and cases in note 4).

In *Eames* v. *Preston*, 20 Ill. 389, the question was whether the action of assumpsit could be maintained upon a certain note therein set forth which was executed by a firm. Inasmuch as the note was held to be under the seal either of the firm or of the partner signing it, it followed, that suit in assumpsit would not lie upon it under the statute as it then existed. The material inquiry in that case was, not so much whether one partner had authority to execute an instrument under seal in the name of the firm, as whether the instrument there under consideration was or was not a sealed instrument. Under section 19 of the present Practice Act assumpsit may be maintained upon sealed instruments. That section has abolished the distinction between sealed and unsealed instruments as to the form of action. (*Harms* v. *McCormick*, 132 Ill. 104). In *Peine* v. *Weber*, 47 Ill. 41, we said: "We think it may be safely said the modern rule is, that one partner may,

in furtherance of the partnership business and for its benefit, execute a deed under seal, which will be binding on the other, if he has foreknowledge, or subsequently ratifies it, and this may be proved by acts and circumstances, or by his verbal declarations and admissions." Under the American doctrine, the liability of the partners will not be confined to the one who signs the sealed instrument in the name of the firm, if it appear that the prior assent, or subsequent ratification, of the other partners can be implied from their acts and declarations, or from other proper evidence tending to show such assent or ratification. (*Wilcox* v. *Dodge*, 12 Bradw. 517; *Walsh* v. *Lennon*, 98 Ill. 27).

There is evidence in the present record tending to show, that the act of Levi Dillon in signing the firm name of "Levi Dillon & Sons" to the instrument sued upon in this case was done with the previous assent of the other partners. The firm was engaged in the business of importing and selling Norman horses. They prepared a bound book, containing blank forms of certificates of sale with warranties, of which the foregoing certificate, except the signature and italicized words, is a sample. These certificates with their warranties were intended to be those of the firm because the name of the firm is printed in the body of them, and were intended to be under seal because each has, to the right of the signature line, a scroll with the word "seal" printed in it. The firm adopted and used this blank form, giving therein written guaranties; all the members knew of the form; the firm gave 50 or 75 certificates drawn according to this form, with the seal attached; when a sale was made, one copy would be kept and a duplicate given to the purchaser; all the members of the firm had access to the bound book of forms; the other members, as well as appellee, would fill up the certificates, and write the guaranties in them when horses were sold, and sign the firm name thereto opposite the seal, though the business was generally transacted by appellee.

But even if it were true, that the evidence does not show acts and circumstances from which the assent of the other partners may be implied, we do not think that the instrument here sued upon was necessarily one which was required to be under seal. While one partner cannot bind his co-partners by deed, yet if the instrument executed by him, though under seal, would have been valid without a seal, and within the scope of the partnership business, and within the powers belonging to each partner, then the seal may be disregarded, and the instrument may be ratified as a simple contract. (*Walsh* v. *Lennon, supra;* Mechem on Agency, sec. 141; Story on Partnership,—7 ed.—sec. 122; *Sterling* v. *Bock*, 40 Minn. 11; *Human* v. *Cuniffe*, 32 Mo. 316; *Robinson* v. *Crowder*, 4 McCord, (So. Car.) 287; *Deckard* v. *Case*, 5 Watts, 22). In other words, "the mere addition of a seal to a contract within the ordinary scope of the business, which requires none, does not vitiate the contract." (17 Am. & Eng. Enc. of Law, page 1004 and cases in note 1). This doctrine is conceded to be applicable to the instrument upon which the present suit is brought, so far as that instrument is a mere bill of sale. Where there is a simple transfer of personal property, the addition of a seal neither adds to nor detracts from the effect of the transfer; and, consequently, if it is signed and sealed in the firm name by one partner, it is not thereby rendered inadmissible in evidence against the other partners. But it is said, that the addition of the seal to the firm name by the signing partner makes the instrument inadmissible against the other partners, so far as the warranties or guaranties contained in it are concerned.

There are some authorities, which hold that an unnecessary seal may be disregarded in instruments of transfer, but not in those creating a new and original obligation in the nature of a specialty debt. (1 Bates' Law of Partnership, sec. 418, note 2). But where the obligations contained in a bill of sale of personal property, as well as the transfer of the interest in

the property itself, are within the ordinary scope of the partnership business and within the powers of each individual partner, the non-executing partners are not relieved from liability upon such obligations by the mere fact, that the partner signing the firm name affixes a seal. The firm of Levi Dillon & Sons were dealing in Norman stallions. Each partner had the power to sell these stallions, and there was involved in such power of sale the further power to warrant the quality of the horse as to its fitness for the purpose for which it was sold. Partners are considered as sanctioning the contracts which they singly enter into in the course of trade. By the act of entering into the partnership, each partner is made the general agent of his co-partners as to the firm business. (*Deckard* v. *Case*, 5 Watts, 22). Where a general agent is employed to carry on a business, the authority to sell, which is conferred upon him, may carry along with it the power to warrant, if it is usual, as it was here, to give a warranty when making a sale in such business. (*Brady* v. *Todd*, 9 C. B. N. S. 591; Biddle on Warranties in the Sale of Chattels, secs. 14 and 15). A general agent employed to carry on the business of horse-dealing for his employer has an implied authority to warrant soundness when making sale of a horse. (2 Benj. on Sales, marg. pages 618-620; secs. 830, 831). Where a dealer contracts to supply an article, in which he deals, to be applied to a particular purpose, so that the buyer necessarily trusts to the judgment of the dealer, there is an implied warranty that it is fit for the purpose to which it is to be applied. (*Jones* v. *Just*, L. R. 3 Q. B. 197; Biddle on Warr. etc. sec. 167).

For the reasons here stated we are of the opinion that the Circuit Court committed no error in refusing the instructions refused, or in admitting the evidence objected to.

The judgment of the Appellate Court is accordingly affirmed.

*Judgment affirmed.*