W. C. MASTERMAN, Receiver, v. LUMBERMEN'S NATIONAL BANK OF STILLWATER and Another.[1]

June 7, 1895.

Nos. 9407—(134).

**Insolvency of Partner—Action to Set Aside Firm Conveyance as Preference.**

A receiver of the insolvent estate of one member of a copartnership cannot maintain an action to set aside as preferential a conveyance of real and personal property belonging to a copartnership and of its assets, given to secure a firm debt.

**Same—Intervention.**

Prior to the trial, the other member of the copartnership had filed a complaint in intervention, setting forth that he was the sole owner of all property formerly belonging to the firm by virtue of a purchase from his partner before plaintiff was appointed such receiver, and demanding affirmative relief. To this complaint plaintiff had answered. When plaintiff rested his case, it was dismissed as to defendant bank for want of evidence. The court then, against the protest of plaintiff, proceeded to try and determine the issues made by the pleadings in intervention. *Held*, that this was not error.

Action in the district court for Washington county by W. C. Masterman, as receiver of defendant R. J. Wheeler, against Lumbermen's National Bank of Stillwater and said Wheeler. E. W. Durant intervened. The case was tried without a jury before Williston, J., who ordered judgment in favor of defendant bank and

1 Reported in 63 N. W. 723.

against plaintiff, and in favor of the intervenor and against defendant bank, as stated in the opinion.. From an order denying a motion for a new trial plaintiff appealed. Affirmed.

*John Day Smith, Young, Fish & Dickinson,* and *H. J. Horn,* for appellant.

*Clapp & Macartney,* for respondent bank.

*J. N. Castle* and *Warner, Richardson & Lawrence,* for respondent intervenor.

COLLINS, J. This was an action to avoid and set aside an alleged unlawful and fraudulent preference said to have been made in February, 1893, to defendant bank by one R. J. Wheeler.

The complaint was in the usual form, alleging Wheeler's insolvency, and the appointment of the plaintiff as receiver under the statute, the insolvent's indebtedness to the bank and to other persons, and that Wheeler, while so insolvent, and with intent to give an unlawful and forbidden preference, did transfer and convey to it as security for its claim a large quantity of real and personal property, the most of it being particularly described and itemized. That defendant had reasonable cause to believe Wheeler to be insolvent when receiving this transfer and the conveyance was also averred. It was also alleged, upon information and belief, that defendant had sold and disposed of part of this property. The relief demanded was that defendant be compelled to transfer and convey said property to plaintiff as receiver, or to account for the same, and if, upon such accounting, it was determined that the property was lawfully held as security for Wheeler's indebtedness, the amount thereof might be ascertained, and that plaintiff might then be allowed to pay and redeem.

The answer denied Wheeler's insolvency, and denied that, individually, he was ever indebted to the bank in any sum. It alleged that for many years prior to February, 1893, said Wheeler and E. W. Durant had been engaged as copartners as Durant & Wheeler, principally in lumbering, and all of the time had been indebted to defendant bank; that said firm had been and was perfectly solvent and able to pay its debts; and that the property, and all of the same, described in the complaint and in the transfers and conveyances in question, except one city lot, was, and for more

than one year prior thereto had been, copartnership property, and part of the assets of the firm; and that it was transferred and conveyed to the defendant bank to secure the payment of the firm indebtedness then evidenced by past-due promissory notes. It explicitly denied that the defendant had any knowledge of Wheeler's insolvency, and that when receiving the property as security it was with an unlawful intent.

When the cause came on for trial before the court, without a jury, Durant was permitted to file a complaint in intervention, to which plaintiff answered. In this complaint many of the material allegations in defendant's answer were reiterated and reaffirmed. It was alleged that for many years prior to the transaction it had been the custom of the firm of Durant & Wheeler to secure the payment of their indebtedness to defendant bank, and that all of this property was partnership property solely, and was transferred and conveyed to secure the firm notes only, and for no other purpose. It was also averred that on February 14, 1893, in the usual course of business, and for a valuable consideration, the intervenor, Durant, purchased from said Wheeler his interest in and to all of the property of said copartnership, took a delivery thereof, and then and there became the sole owner of the assets and property of said Durant & Wheeler, including all of the property involved herein, subject to the defendant's claim; and that at the time of the appointment of plaintiff, as receiver, said Wheeler had no interest whatsoever in the same. The relief demanded was that the intervenor's rights and equities be adjusted, and that he have such other and further relief as might be just.

The parties proceeded to trial, and, when plaintiff rested, the case was dismissed as to defendant bank, on the ground that the evidence did not establish a cause of action against it. Against the protest of the plaintiff, the court then proceeded to try the issues made by the pleadings between the intervenor and the plaintiff; and thereafter made findings of fact, in which it ordered judgment, not only that the intervenor was and is the sole owner of the property in question (save the one lot before mentioned, which concededly was the individual property of Wheeler when conveyed to the bank) subject to the claims which it was transferred and conveyed to secure, but that defendant bank was entitled to judgment

that plaintiff take nothing by the action, and that costs and disbursements of both intervenor and defendant be recovered of him.

The appeal is from an order denying a new trial, and the first question which we shall consider is that raised by the dismissal of the action when plaintiff rested his case; for, as we regard it, that disposes of the case.

It appeared on the trial that the title to a portion of the real estate conveyed to defendant stood of record in the name of Durant, a part in the name of Wheeler, and the remainder in the names of both Durant and Wheeler, sometimes designated in the deeds as copartners. But, from the evidence introduced by plaintiff, it was conclusively established that it was all partnership property, and of the firm assets, and that none of it had ever belonged to Wheeler individually, except the one lot already referred to. That the legal title to a part stood in the name of Wheeler could not affect or control the real fact.    Brown v. Morrill, 45 Minn. 483, 48 N. W. 328, and cases cited.   And the same showing was made as to the personal property included in the transfer.   It was also conclusively shown, as averred in the answer, that Wheeler never was indebted to the bank personally, and that the transfer and conveyance were made to secure the indebtedness of the solvent firm of Durant & Wheeler.

With these facts clearly established, it is difficult to see what right the plaintiff, receiver of Wheeler's insolvent estate, had to assail and set aside as preferential the transfer and conveyance of firm property to secure and pay firm debts.   The taking of this security did not operate to give to defendant bank any preference over Wheeler's individual creditors that it did not have before, for all of the partnership property was subject to the payment of all of the partnership debts before any part of it could be used or applied in payment of the claims of the creditors now represented by plaintiff.   As to firm property, the defendant bank was a preferred creditor from the start.   It seems to be admitted that one of the city lots conveyed to defendant bank was the property of Wheeler, the insolvent, and not of the firm assets, but it appears, also, that it was exempt from seizure and sale.   If so, the plaintiff cannot complain of its conveyance as unlawful and forbidden under the insolvency law.

Referring to counsel's claim that the court erred when it proceeded to a trial of the issues found by the complaint, answer, and reply in intervention, it is enough to say that the case was dis-missed only as to defendant bank when plaintiff rested. It then stood ready for trial as to the issues made between plaintiff and intervenor, and, if for any reason the former could not then proceed to trial, it was incumbent upon him to make it known. The sole objection, that the action had been dismissed as to defendant, was obviously wholly insufficient.

Order affirmed.