# NATIONAL CITIZENS BANK OF MANKATO v. GEORGE A. McKINLEY and Others.[1]

June 4, 1915.

Nos. 19,202—(128).

**Preferential mortgage.**

1. A mortgage to secure an existing debt which gives to the mortgagee a preference over other creditors of the mortgagor is not for that reason fraud-

---

[1] Reported in 152 N. W. 879.

Note.—The authorities passing upon the necessity of participation by creditor in fraudulent intent of debtor to make a transfer to pay or secure his debt invalid as to other creditors and what constitutes participation are presented in the notes in 31 L.R.A. 609, and 36 L.R.A. 360.

As to the power of a partner to give a mortgage on partnership real estate, see note in 28 L.R.A. 95; and as to ratification of acts of partner with respect to partnership real estate, see note in 28 L.R.A. 101.

ulent. Such a mortgage may be set aside, if part of a plan to defraud creditors and the mortgagee be chargeable with notice of that fact. This action is to foreclose a preferential mortgage, but if any fraud existed the mortgagee was not chargeable with notice of it, and the mortgage is valid.

### Partnership — ratification of deed.

2. A deed in writing and under seal made by one partner in behalf of the firm may be ratified by the other partner by parol.

### Partnership mortgage — prior assignment of partner's interest in firm.

3. A prior assignment by one partner of his individual interest in partnership property could not prejudice the rights of a mortgagee in a partnership mortgage, since the individual partner had nothing to assign except his interest in the surplus, if any, existing after payment of all partnership debts.

### Findings.

4. We find no errors in the findings of the court.

Action in the district court for Blue Earth county to determine the indebtedness of defendants Monks & McKinley and George W. Monks to plaintiff bank and to the First National Bank of Mankato, and to foreclose the mortgage mentioned in the opinion. The case was tried before Olsen, J., of the Ninth judicial district, who made findings and ordered judgment in favor of plaintiff. The findings were amended upon the motions of plaintiff and of defendants Hoerr and McKinley. From the judgment entered pursuant to the order for judgment, defendant Hoerr appealed. Affirmed.

*H. L. & J. W. Schmitt* and *Kerr, Fowler, Schmitt & Furber,* for appellant.

*C. J. Laurisch* and *A. R. Pfau, Jr.,* filed a brief for The First National Bank of Mankato.

*S. B. Wilson* and *Lorin Cray,* for respondent.

HALLAM, J.

Monks and McKinley were partners. Monks owned a piece of land. By written contract it was agreed he should turn this land over to the partnership. In consideration thereof McKinley agreed to pay him $2,500, and gave his notes for that amount. It was agreed that when the notes were paid Monks should give a deed

conveying a half interest in the land to McKinley, but that the land should at once become a partnership asset. Later on the partnership owed plaintiff bank a considerable amount represented by several promissory notes. On some of these notes defendant Hoerr was indorser and on some he was not. The partnership also owed the First National Bank of Mankato $1,000, and it also owed defendant Hoerr. While this situation existed, Monks, acting for the partnership, gave to plaintiff a new note embracing all the indebtedness of the partnership to plaintiff on which Hoerr was not liable, aggregating $4,948.50, and then gave a mortgage, executed by Monks in the name of Monks & McKinley and by Monks and his wife individually, to secure the unindorsed notes held by plaintiff and also the note of the First National Bank. This action is to foreclose this mortgage. The court gave judgment of foreclosure in favor of plaintiff. Defendant Hoerr appeals.

1. Defendant Hoerr contends that the mortgage is a fraud upon the creditors of Monks & McKinley. The court found otherwise and the evidence sustains this finding. The debts to the banks were honest debts. It appears that Monks & McKinley have found themselves unable to pay all their debts, and that this mortgage operated to give to the banks a preference over other creditors. But this is not unlawful nor in itself a fraud. If a bankrupt give a preference within four months before the filing of a petition in bankruptcy to one who knows or has reasonable cause to believe a preference was intended, the preference may be set aside, but even then only by a trustee in bankruptcy. Section 60, Bankruptcy Act of 1898. Except in such cases, and except as against a suit by a trustee in bankruptcy, security given by a debtor preferring one creditor over another is absolutely lawful and beyond attack. Crookston State Bank v. Lee, 124 Minn. 112, 144 N. W. 433.

Of course a preferential mortgage may be part of a fraudulent plan to defraud creditors, and the mortgagee may be chargeable with notice of that fact. In such a case it may be set aside, not because it is preferential, but because of the fraud in fact. Crookston State Bank v. Lee, supra. There is some claim that this mortgage was part of a fraudulent plan of Monks to place the property of Monks

& McKinley beyond the reach of creditors.    The court found in substance that plaintiff and the First National Bank acted in good faith and without fraud, and there is evidence sufficient to sustain this finding.    We have here, under the findings of the court, so far as plaintiff is concerned, a simple preference and nothing more.    There being no fraud of which plaintiff had notice, its mortgage has good standing in a court of equity.

2. It is contended that Monks alone had no authority to mortgage this partnership real estate, even to secure a partnership debt.    He had no such express authority before the mortgage was given.    Plaintiff's contention is that as a partner he had implied authority to give this mortgage, and also that McKinley ratified the act after it was done.    If either proposition is correct, the act of Monks in giving this mortgage was valid and binding on the partnership.    We need not enter upon the consideration of the legal question of what are the implied powers of an individual partner to bind the firm in such cases, for the trial court found as a fact that "McKinley has since the giving of said mortgage and with full knowledge thereof, expressed his approval thereof."    There is plenty of evidence to sustain this finding.    The facts found constitute a ratification by McKinley of the act of Monks in giving the mortgage.    The ratification was oral, but an oral ratification is sufficient.    If a contract under seal, executed by one partner in behalf of the firm, be ratified by the other partner by conduct or by parol, it then becomes the deed of the firm as fully as if executed under seal by both partners. Sterling v. Bock, 40 Minn. 11, 41 N. W. 236.

3. It appears that before the giving of this mortgage McKinley's individual interest in this property had been assigned to defendant Hoerr to secure him against liability on the indorsement of the notes indorsed by him.    It is contended that the later mortgage to the bank was subject to the prior assignment to Hoerr and that the mortgage accordingly covered only a half interest.    The complete answer to this contention is that the prior assignment by McKinley was not a transfer by the partnership of half the partnership property, but a transfer by McKinley of his individual interest in it.

Being partnership property, McKinley's individual interest was merely one-half of whatever might be left after partnership affairs are adjusted and settled and partnership debts paid. The attempted transfer by one partner of his individual interest could not in any manner affect or prejudice any use or disposal of this partnership asset for the legitimate purpose of paying or securing partnership debts. Masterman v. Lumberman's National Bank of Stillwater, 61 Minn. 299, 63 N. W. 723.

It is not material whether or not plaintiff had knowledge of the prior transfer by McKinley of his individual interest. McKinley had nothing to assign but his interest in any surplus there might be after paying partnership debts, and his assignee stands in no better position as to persons having legitimate dealings with the partnership as to this property either with or without notice of the assignment. The fact that the banks had notice of the prior assignment by McKinley to Hoerr could not enlarge the rights of Hoerr thereunder.

It matters not whether the notes for $2,500, given by McKinley for this land, were paid. The parties agreed that the land should be partnership property upon the making of the contract, "and from that time on." The land was partnership property whether the notes were paid or not.

4. Some exceptions are taken to the form of the findings. In some cases it is contended they are not full or definite enough, and in others it is contended they embrace matters collateral to the issues in the case. We think the findings fairly cover the issues litigated, and no more.

Judgment affirmed.