Joseph G. Santelli and Anna Laske, Appellees, v. Reuben Lev and Samuel Lev, Appellants.

Gen. No. 29,827.

1. FORCIBLE ENTRY AND DETAINER—*right of lessee to invoke remedy against lessor withholding possession.* Under the provision of the sixth paragraph of section 2 of the Detainer Act, Cahill's Ill. St. ch. 57 that possession may be restored to any person entitled thereto when tenements have been conveyed by a grantor in possession who refuses to surrender possession after demand, possession may be restored to a lessee where the lessor in possession refuses to surrender the premises.

2. APPEAL AND ERROR—*estoppel of appellant to complain of result of ruling on evidence on his objection.* In an action by a lessee for possession against the lessor where a proper demand in writing was made but was excluded upon objection, defendants cannot claim on appeal that no written demand was made.

3. PARTNERSHIP—*evidence of execution lease on behalf of partnership.* In an action of forcible detainer by a lessee against two brothers as lessors on a lease signed by but one of them, evidence

that the negotiations were instituted by lessee with both brothers and in part conducted by both of them and that the brother who signed it represented that he was authorized to bind his brother, and that showed that the brothers had been partners for years generally and in connection with the property in question and that the check given in payment of rent at the execution of the lease made payable to both defendants was deposited in the firm account and used for partnership purposes, *held* to show that the lease was made in furtherance of the partnership business and for the joint benefit of the defendants and bound both defendants.

Appeal by defendants from the Municipal Court of Chicago; the Hon. CHARLES G. NAUERT, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1924. Affirmed. Opinion filed March 9, 1925. Rehearing denied March 23, 1925.

SAMUEL KOENIGSBERG and LEO WOLF, for appellants; CLYDE C. FISHER, of counsel.

VAN NATTA & KING, for appellees.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is an appeal by the defendants from a judgment awarding possession to plaintiffs of a storeroom and adjacent rooms, in an action of forcible detainer tried by the court.

Plaintiffs claimed the right to possession under a written lease to them from defendants, who owned and occupied the premises but who refused to give possession to plaintiffs.

Defendants raise in this court, for the first time, the point that there is no provision in the Forcible Entry and Detainer Act permitting such an action under these circumstances. This is a bare assertion supported by no precedent, nor does either counsel cite any decided cases on the point.

By the sixth paragraph of section 2, Detainer Act, ch. 57 [Cahill's St. ch. 57, ¶ 2], the person entitled

to the possession of lands or tenements may be restored thereto under the act:

"When lands or tenements have been conveyed by any grantor in possession   *   *   *   and the grantor in possession   *   *   *   refuses or neglects to surrender possession thereof after demand in writing by the person entitled thereto, or his agent."

In view of the obvious fact that it was intended that the Forcible Entry and Detainer Act should provide a remedy for any party lawfully entitled to possession under a lease, we construe this provision as including tenements conveyed by a lease by the lessor in possession, who refuses to surrender possession thereof, which is this case. The record shows that a proper demand for possession was made, although upon objection by defendants the court excluded the writing. Under such circumstances they cannot now claim that no written demand was made.

The substantial question is, does the lease signed by only one of the defendants, Reuben Lev, bind the other, Samuel Lev, so as to give plaintiffs the right to possession of the leased premises? The defendants are brothers and had been partners in business for many years just prior to the instant occasion. Ordinarily the powers of a partner to bind the partnership do not extend beyond what may be fairly regarded as coming within the ordinary necessities of the business; but a lease executed by one of several partners, if made for the benefit of the firm and relating to partnership business, is binding on all the partners if they assent thereto, and such assent may be given prior to or at the time or subsequently, and may be proven by acts and circumstances or verbal declarations and admissions. *Peine v. Weber*, 47 Ill. 41. Prior assent or subsequent ratification may be implied from acts and circumstances. *Edwards v. Dillon*, 147 Ill. 14.

Defendants had been partners in business in the

premises in question for over twelve years. They owned the property as partners and on their business stationery they are described as partners, sometimes "Lev Brothers" or "Reuben Lev and Samuel Lev." They had no regular rule for signing papers. They had a partnership bank account in their names and all money coming in was deposited as a partnership fund. Either partner signed checks.

In the early part of January, 1924, plaintiffs interviewed both partners in the premises with reference to leasing them. The terms of the proposed lease were discussed with both defendants, and plaintiffs paid them a deposit of $100, which was afterwards deposited to the joint account of defendants. Arrangements were then made for all the parties to meet at the office of defendants' attorneys to execute a lease. January 12, 1924, the parties, except Samuel Lev, met at the office of defendants' attorneys but adjourned to the office of the attorneys for plaintiffs and the lease was drawn up pursuant to the agreement made between plaintiffs and defendants, Reuben Lev signed the instrument. Some question was raised about securing Samuel's signature, but Reuben claimed to have authority to bind his brother Samuel. Pursuant to a provision of the lease, plaintiffs gave Reuben Lev a check for $1,000 for rent, payable to both defendants, which was deposited in their partnership account and used for partnership purposes.

The lease dated January 12, 1924, is for a term commencing March 1, 1924, to February 28, 1929, but by a rider attached it was provided that the lessors should retain possession not later than March 31, in order to make certain alterations and repairs in the leased premises. There was considerable delay about making these and at one time Reuben Lev stated that they would not be able to get these things done before June and asked that the time limit in the lease be changed in this respect, but this was refused.

Plaintiffs were constantly asking for possession, but defendants continued to occupy the premises.

From these and other facts and circumstances appearing upon the trial, we hold that the trial court was justified in finding that the lease was made in furtherance of the partnership business of defendants and for their joint benefit; that Samuel Lev had knowledge of this and assented thereto; it was therefore binding upon both defendants.

The judgment is affirmed.

*Affirmed.*

MATCHETT and JOHNSTON, JJ., concur.