State *v.* Larrimore.

————•—•◦•—•——

THE STATE, Respondent, *vs.* LARRIMORE, Appellant.

1. A physician, who administers intoxicating liquor in good faith as a medicine, upon his professional judgment, is not within the meaning of the first section of the act concerning groceries and dram shops. (R. C. 1845.)

*Appeal from Polk Circuit Court.*

*F. P. Wright,* for appellant. Physicians, who sell liquor as a medicine, are not within the meaning of the act. The *intention* of the legislature is to prevail even against the letter of the act. The sale of liquors, as a *medicine,* is not the mischief which the statute was designed to remedy.

*Gardenhire,* (attorney general,) for the state. The act does not exempt physicians.

GAMBLE, Judge, delivered the opinion of the court.

The defendant was indicted for selling a half pint of brandy without license. The defence was, that he was a practising physician, and as such, sold a small quantity of brandy as a medicine. The Court instructed the jury "that, if they believed from the evidence, that the defendant sold any quantity

State *v.* Larrimore.

of intoxicating liquor less than a quart, as charged in the indictment, within the county of Polk, and within one year before the finding of the indictment, they should find him guilty, and it is no excuse that the defendant was a physician, and sold the liquor, after much importunity, as a medicine."

1. If this instruction had left the question to the jury, whether the defendant had, in good faith, sold the brandy to a sick person as a medicine, and he had then been convicted, we would not have disturbed the judgment. Physicians are not to become dramshop keepers, under color of their professional practice. If a physician, upon his professional judgment that a sick person needs brandy, administers it as a medicine, in good faith, and charges for it, he is not to be punished; because such liquor, properly used, is a valuable medicine. But if he sells it to a man who is well, or sells it to a man who is not well, without exercising his professional judgment, and determining that it is necessary for the sick person, he is indictable. His exemption from the fine is not to rest upon the strong wish of the individual purchasing to have the liquor, nor merely upon the *judgment of such* person that the liquor would be useful to him as a medicine, but must be founded upon the judgment of the physician that it is a medicine which the diseased man requires.

In the present case, the instruction given to the jury makes the defendant liable for selling the glass of brandy, and declares that his being a physician, and having sold it as a medicine, does not excuse him. Now the question which they should have been required to decide was, whether he really administered the liquor to a diseased person, as a medicine, upon his professional judgment of its necessity. As given, the instruction might have made the defendant liable in a case in which he should not have been fined.

The judgment is, with the concurrence of the other judges, reversed, and the cause remanded.