36  517
73  578

STATE OF MISSOURI, Respondent, v. ROBERT C. YOUNG, Appellant.

Kansas City Court of Appeals, May 20, 1889.

1. **Selling Intoxicating Liquors:** PHYSICIAN PRESCRIBING IN HIS PRACTICE: INSTRUCTION: GOOD FAITH. On the trial of an indictment for selling intoxicating liquors it appeared that the defendant, who was neither licensed as a dramshop keeper, nor as a druggist, nor as a physician owning or operating a drug store, but had been a physician in constant practice of medicine for eighteen years, did sell a half pint of alcohol and a half pint of gin and received the pay therefor, and thereupon the court in effect instructed the jury that if they believed the above fact to find defendant guilty, *held*, there should have been annexed to the instruction, the following condition: "unless the jury should find further from the evidence that the defendant was a physician and in good faith prescribed and sold the intoxicating liquors mentioned in the indictment to a sick or diseased person as a medicine upon his professional judgment of its necessity, then in that event they should find him not guilty.

2. ———: ACT OF MARCH 26, 1881. Section 12, of the act of March 26, 1881, provides in express terms, that the provisions of the act should not apply to physicians putting up their prescriptions.

3. ———: PRESCRIPTION NOT NECESSARY. Upon such trial the court also instructed the jury that before they could acquit defendant on the ground that he sold the liquor on a prescription·they must find that the prescription was written, dated and signed by some regularly registered physician and that the name of the person, for whom it was prescribed, was therein stated and that such intoxicating liquor was a necessary remedy, which instruction is condemned as entirely foreign and inapplicable and excluding, from the consideration of the jury, the only possible defense available to the defendant which was that he made the sale as a physician in good faith as a medicine, etc.

4. ———: WHETHER DEFENDANT IS AN AUTHORIZED PHYSICIAN IS FOR THE JURY. Whether defendant was a physician authorized to practice medicine under the laws of this state, at the time of said sale, is a question of fact to be determined by the jury under proper instructions, which are indicated in the opinion.

*Appeal from the Dallas Circuit Court.*—HON. W. I. WALLACE, Judge.

REVERSED AND REMANDED.

*W. P. Porter,* for the appellant.

(1) It is not contended either that the defendant was keeping a drug store or clerking in a drug store, nor that he was not a regular registered physician, and even if there was any dispute about the defendant being a regular registered and practicing physician, it could not be well questioned that he had a right to practice medicine without registering, he having proven that he had been practicing medicine in this state more than five years prior to April 2, 1883. Session Laws of Mo. 1883, p. 115, sec. 11. (2) The theory of the prosecution seems to be that it is a very heinous offense for physicians to "put up their own prescription," especially if they call for intoxicating liquor, but such seems to have been the law "whereof the memory of man runneth not to the contrary," and if there ever were any doubt about this right, the legislature in 1881 seems to have put a *quietus* on it. Laws of Mo. 1881, p. 130, sec. 12, which has never been repealed. (3) Section 9, Laws of Mo. 1881, p. 130, seems to permit a druggist to sell intoxicating liquor for medicinal purposes without a prescription, and fixes the minimum punishment for selling liquor as a beverage at twenty-five dollars, and it would prove a dangerous precedent to punish the defendant with a fine of forty dollars, for filling his own prescription. But it may be contended that section 2, page 89, Laws of Mo. 1883, repeals section 9 of the Laws of Mo. 1881, which could hardly be considered tenable. Besides under section 28, article 4, of the constitution of this state, sections 2, 3 and 4, Laws of Mo. 1883, page 90, are doubtless unconstitutional. A registered druggist may sell liquor for medical purposes without a prescription

The State v. Young.

*State v. Roller*, 77 Mo. 120; *State v. Robertson*, 24 Mo. App. 232. (4) In giving the second instruction on the part of the state, the court would force the defendant to prove the contents of the prescription and that he was a regular registered and practicing physician. The defendant was not the custodian of the prescription and having shown that the liquor was obtained upon a prescription made and given by the defendant and that he had been practicing medicine regularly and continuously in this state for more than five years, next before the second day of April, 1883, it devolved upon the state to show that the prescription did not fill the requirements of the law, which was not even attempted to be done. The state is required to make out its entire case. '

No brief for the respondent.

SMITH, P. J.—The defendant was indicted at the October term, 1887, of the circuit court of Dallas county for selling intoxicating liquors, in a less quantity than one gallon, without having a license as a dramshop keeper, or other authority so to do. On the trial the state adduced evidence tending to show that the defendant, at the time and the place mentioned in the indictment, did sell a half pint of alcohol and a half pint of gin, and receive pay therefor. The defendant, to maintain his defense, introduced evidence tending to show that he had been in the constant practice of medicine for some eighteen years, then last past, and that he sold and administered the said intoxicating liquors for medical purposes; that he was not a licensed druggist nor a pharmacist, nor a physician owning or operating a drug store, who had been permitted to register as a druggist or a pharmacist. Nor was it shown that the defendant, at the time of said sale, had a dramshop license.

Upon substantially this state of facts the circuit court directed the jury that if they believed, from the

evidence, that the defendant, within the time and at the county mentioned in the indictment, did sell intoxicating liquors in less quantities than one gallon, they would find him guilty, etc.

By another instruction, given for the state, the court further directed the jury that before they could acquit the defendant on the ground that he sold liquor on a prescription, they must find that prescription was written, dated and signed by some regularly registered physician and that the name of the person for whom it was prescribed was therein stated, and that such intoxicating liquors were a necessary remedy. There were some other instructions given and refused, but in the view of the case which we have taken, as will presently appear, it will not be necessary to set forth the same here.

As the defendant did not show that he was licensed under the druggists and pharmacist's law, nor under the dramshop act, to make said sale of intoxicating liquors, he must be held to have been properly convicted under the indictment, unless it was shown, by the evidence, that he was a physician, and, as such, sold and administered said intoxicating liquors in good faith, as a medicine, upon his professional judgment. Sec. 12, of the act of March 26, 1881. Session Acts, 1881, page 30, provides in express terms that the provisions of that act should not apply to physicians putting up their own prescriptions.

This section has not been changed or modified by any subsequent legislative enactment, and, therefore, this exception was in force at the time defendant made said sale. The defendant, being a physician, then had unimpaired all the immunities and privileges that were accorded to him as such physician prior to the adoption of the said act regulating druggists and pharmacists in so far as the law authorized him to prescribe and

administer intoxicating liquors, as a medicine, in good faith, to those whose sufferings he was called upon to alleviate.

The supreme court of this state in the case of the *State v. Larimore,* 19 Mo. 392, in its commentary upon an instruction then under review, held that "If this instruction had left the question to the jury whether the defendant had, in good faith, sold the brandy to a sick person, as medicine, and he had been convicted, we would not have disturbed the judgment. Physicians are not to become dramshop keepers under color of their professional practice. If a physician, upon his professional judgment that a sick person needs brandy, administers it as a medicine, and charges for it, he is not to be punished, because such liquor properly used is a valuable medicine.

"But if he sells it to a man who is well, or sells to a man who is not well, without exercising his professional judgment, and determining that it is necessary for the sick person, he is indictable. His exemption from the fine is not to rest upon the strong wish of the individual purchasing to have the liquor, nor merely upon the judgment of such person that the liquor would be useful to him as a medicine, but must be founded upon the judgment of the physician that it is medicine which the diseased man requires."

This case was a second time before the supreme court, where there was a reaffirmance of the principles declared in the first instance, 20 Mo. 424.

The doctrine of these cases has not been trenched upon by the subsequent rulings of any of the appellate courts of this state so far as we have been able to discover.

The instruction already adverted to, when tested by the principles of the law enunciated in the cases just cited, will be found out of line with the same.

The first of which said instructions was, as far as it goes, well enough. If there had been annexed to it the

further direction, that unless the jury should find further from the evidence that the defendant was a physician, and in good faith prescribed and sold the intoxicating liquors mentioned in the indictment to a sick or diseased person, as a medicine upon his professional judgment of its necessity, then in that event they should find him not guilty, we should not feel called upon to disturb the judgment. Instead of the second of said instructions if the court had given a cautionary one in effect telling the jury that, although they may·find the defendant was a physician at the time he made said sale, yet if they further found that the same was made to a well person, or to a person who was not well without exercising his judgment and determining that it was necessary for the sick person, then they must convict, there would have been less cause for complaint.

The attention of the jury under such instructions would have been restricted to the consideration of the proper questions for them to·determine.

In respect to said second instruction it may be further observed, that the same was misleading and wholly inapplicable to the case since the defendant was not a licensed druggist nor pharmacist nor a physician owning or operating a drug store, who had registered as a druggist or pharmacist. This defense can be invoked only by a license of one of these classes.

If this indictment were against the defendant for selling intoxicating liquors in the quality of a physician who owned or operated a drug store and had been permitted to register as a druggist and pharmacist, the instruction might be proper, but upon the facts of this case it is entirely foreign and inapplicable.

It was erroneous further in that it excluded from the consideration of the jury the only possible defense available to defendant which was that he made the sale as a physician in good faith as a medicine, etc.

As we shall reverse and remand the case for a new trial it may not be out of place to state as to whether the

defendant was a physician authorized to practice medicine under the laws of this state at the time of the sale of said intoxicants, is a question of fact to be determined by the jury under proper instructions.

If defendant had been practicing medicine for five years next before the passage of the act of April 25, 1883, then none of the provisions of that act were applicable to him.

He had the same right to practice his profession after its passage as before, though he did not comply with its requirements. In such case he would belong to that class of physicians who are exempt from its operation.

There are some other matters suggested by the counsel for defendant which need not be noticed as it is believed enough has been said to enable the trial court to retry the case upon the principles which we think are applicable thereto.

The judgment with the concurrence of the other judges will be reversed, and the cause remanded.