State v. Bailey.

STATE OF MISSOURI, Respondent, v. DANIEL B. BAILEY, Appellant.

St. Louis Court of Appeals, February 15, 1898.

1. **Criminal Law**: MISDEMEANOR: SALE OF INTOXICATING LIQUOR BY REGISTERED PHARMACIST AND PHYSICIAN WITHOUT WRITTEN PRESCRIPTION. Under section 4624, Revised Statutes 1889, a practicing physician, who is a registered pharmacist and proprietor of a drug store, can not sell intoxicating liquor without first making out a written prescription, as required by section 4621. *State v. Carnahan*, 63 Mo. App. 244; *State v. Anderson*, 81 Mo. 78.

2. **Practice**: VENUE: EVIDENCE. The venue of an offense can ordinarily be proven by direct and positive evidence, and it is good practice so to prove it, but if not so proven, courts and juries will examine the whole evidence for facts and circumstances from which it may be fairly deducible; and held that under the facts and circumstances of this case there is no room for doubt as to the venue.

*Appeal from the Lawrence Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED.

*Thomas F. T. Whitney* for appellant.

The instruction asked for by appellant should have been given as it was warranted by the testimony, and clearly stated the law. *State v. Laramore*, 19 Mo. 392; *Same v. Same*, 20 *Id.* 425; *State v. Young*, 36 Mo. App. 517.

It was necessary to establish that the amount of liquor sold was less than four gallons, which the evidence failed to show. *State v. Anderson*, 81 Mo. 78.

The court erred in failing to sustain defendant's motion for new trial. A demurrer to the evidence would have been sustained. *State v. Anderson, supra.*

*Edward J. White* for respondent.

In proving venue it is not necessary that the evidence should be positive or direct; it is sufficient if the circumstances in evidence tend satisfactorily to the conclusion that the crime was committed in the county alleged in the indictment. *State v. Forrester,* 63 Mo. App. 530, 534, and citations.

A physician, who is also a druggist and pharmacist, can not sell liquor in this dual capacity, without a prescription, under the druggist license law. *State v. Carnahan,* 63 Mo. App. 244; *State v. Anderson,* 81 Mo. 78; *State v. Roller,* 77 *Id.* 120.

BLAND, P. J.—Defendant was indicted in the Lawrence circuit court of a violation of section 4621, Revised Statutes 1889, concerning druggists. The charge was that he was a registered pharmacist, druggist and proprietor of a drug store, and as such on February 6, 1896, sold to one James H. Robinson intoxicating liquor in less than four gallons, to wit, one half pint of blackberry wine, without a written prescription, etc. A trial was had by the court without the intervention of a jury, resulting in a judgment of conviction, from which after unsuccessful motions for new trial and in arrest, the defendant appealed.

The evidence tended to prove all the allegations of the indictment. The evidence for the defendant was that he was a practicing physician and the physician of the witness Robinson, who was under his treatment for rheumatism, and that the defendant furnished him the wine in his practice and as a necessary remedy to relieve his (witness) stomach from the effects of a cold. One of the contentions of appellant is that the defendant as a practicing physician had the

SALE of intoxicating liquor by druggist and physician, without written prescription.

right to furnish the wine to his patient from his stock in his drug store in the regular course of his practice, without first having or making out a written prescription as required by section 4621, *supra,* and assigned as error the refusal of the court to so declare the law as requested by him. In support of this contention the appellant cites *State v. Laramore,* 19 Mo. 392; *State v. Laramore,* 20 Mo. 425; *State v. Young,* 36 Mo. App. 517. Our present law regulating the sale of drugs and medicines nor anything similar to it was to be found in our statutes when the cases of *State v. Laramore,* were before the supreme court. In the case of *State v. Young, supra,* the defendant was not a registered pharmacist, druggist or proprietor of a drug store, and the court correctly held in that case that a physician, who is not a druggist, pharmacist or proprietor of a drug store, has in the course of his practice the same right to prescribe and furnish intoxicating liquor to his patient as a medicine as he has to furnish another remedy which he believes to be necessary. In this case the defendant occupies the dual position of physician and registered pharmacist and proprietor of a drug store; and supplied the wine from his stock kept in his drug store; the sale was made by him as a druggist; to legalize the sale he should have had a written prescription. It is made a misdemeanor by section 4624 of the druggist act for any physician "to make or issue any prescription to any person for intoxicating liquors in any quantity * * * to be used otherwise than for medical purposes." To hold that a physician who is a druggist, proprietor of a drug store or registered pharmacist, may prescribe intoxicating liquors as an ordinary practice and furnish them to his patients from his drug store without first having a written prescription, would be to hold that such persons can with impunity violate both sections 4621 and 4624, of the

drug law, and make of them a privileged and danger-
ous class of citizens in the handling and sale of intoxi-
cating liquors. *State v. Anderson,* 81 Mo. 78; *State v.
Carnahan,* 63 Mo. App. 244.

It is also contended that the venue was not
proven. The venue of an offense is a fact that can
ordinarily be proven by direct and positive evidence
and it is good practice to so prove it, but ·
PRACTICE: venue: if for any reason it has not so been proven,
evidence
courts and juries will scan the whole evi-
dence for facts and circumstances from which the
venue may be fairly deducible. The facts and circum-
stances in this case leave no doubt as to the venue, the
fact that the town in which the defendant's drug store
is located and from which the wine was supplied the
witness Robinson swore was in Lawrence county. The
original bill of exceptions failed to show with certainty
the quantity sold; this was afterward corrected by a
*nun pro tunc* order so as to show the quantity was
one half pint. This correction the court was author-
ized to make. *Burdein v. Trenton,* 116 Mo. 358. The
conviction of the defendant is supported by both the
law and the evidence, and the judgment is affirmed.
All concur.